## A00A1276. McCOY v. THE STATE.
### (541 SE2d 444)

BLACKBURN, Presiding Judge.

Korey McCoy appeals from the trial court's revocation of his probation for violation of a special condition and the resulting sentence of incarceration, contending that the conditions he violated were not special conditions pursuant to OCGA § 42-8-34.1. In addition, McCoy contends that if the conditions of probation were special conditions within the meaning of the statute, he did not enter his plea intelligently and voluntarily. McCoy further contends that the revocation hearing was untimely and, therefore, violated his due process rights. For the reasons which follow, we vacate the judgment and remand for resentencing.

On September 29, 1997, McCoy pled guilty to one count of violating the Georgia Controlled Substances Act, possession of cocaine. McCoy was sentenced to seven years on probation. The sentence listed the conditions of his probation under sections titled "General Conditions of Probation," "Other Conditions of Probation," and an

---

[5] See *Smith v. State*, 207 Ga. App. 290, 291 (1) (428 SE2d 95) (1993).
[6] *Pace v. State*, 235 Ga. App. 872, 873 (510 SE2d 617) (1999).

addendum titled "Additional Conditions of Probation." McCoy signed the sentence, including the addendum.

On November 26, 1998, McCoy was arrested for violation of his probation. The petition for modification/revocation of probation was served on January 6, 1999, and a hearing was held the next day. The trial court found that McCoy had violated the conditions of his probation by failing to pay his court-ordered fine, by failing to complete his CSAI[1] weekends, and by committing the offenses of driving without a license, failure to show proof of license, and driving in an HOV lane. McCoy's probation was revoked for four years.

1. In separate enumerations of error, McCoy contends that the trial court erred by finding that the conditions of his probation which he violated were "special conditions" within the meaning of OCGA § 42-8-34.1 (c) and, as a consequence, by revoking four years of his probation. We agree.

OCGA § 42-8-34.1 (b) provides:

> At any revocation hearing, upon proof that the defendant has violated any provision of probation or suspension other than by commission of a new felony offense, the court shall consider the use of alternatives to include community service, intensive probation, diversion centers, probation detention centers, special alternative incarceration, or any other alternative to confinement deemed appropriate by the court or as provided by the state or county. In the event the court determines that the defendant does not meet the criteria for said alternatives, the court may revoke the balance of probation or not more than two years in confinement, whichever is less.

In revoking McCoy's probation, the revocation court determined that McCoy did not meet the criteria for alternatives to confinement. Consequently, since the revocation court was authorized to sentence McCoy only to not more than two years confinement,[2] the revocation order sentencing McCoy to serve four years violates OCGA § 42-8-34.1 (b). *Cockrell v. Brown.*[3] Therefore, we hereby vacate the judgment and remand this case to the trial court for resentencing to a term no greater than two years.

2. Because this case is remanded for sentencing, we address McCoy's contention that his plea to the underlying offense was not

---

[1] Community Service as an Alternative to Incarceration.

[2] The balance of probation was approximately six years, exceeding the two-year limitation on confinement.

[3] *Cockrell v. Brown*, 263 Ga. 345 (433 SE2d 585) (1993).

valid because he was unaware of the consequences of a violation of a special condition. This enumeration has no merit.

At a hearing to recreate the record of McCoy's guilty plea, it was stipulated that McCoy's guilty plea was knowing, voluntary, and freely entered and that he was sentenced to seven years under an order of probation. It was further stipulated that McCoy was not told orally that his probation could be revoked for a violation of some conditions of his probation. McCoy contends that this lack of knowledge regarding the conditions of his probation renders his guilty plea invalid.

"There is no constitutional requirement that a defendant be advised of . . . collateral consequences [of a guilty plea] in order for his guilty plea to be valid." *Williams v. Duffy*.[4] In *Williams*, the Supreme Court found that eligibility or ineligibility for parole is such a collateral matter. Likewise, whether all or some portion of probation could be revoked, if McCoy violated conditions of his probation, would have only a collateral effect on the sentence. It does not lengthen the sentence. Furthermore, we note that McCoy signed the sentence which contained the conditions of his probation and advised him that he was subject to arrest if he violated the conditions of probation and that probation could be revoked.

3. McCoy contends that his revocation hearing was untimely and violated his due process rights. A probationer is entitled to due process in the revocation proceeding. *Porter v. State*.[5] The petition for revocation was filed 43 days after his arrest for violating probation, even though Cobb County guidelines require that petition be filed within 15 days of arrest. The hearing was held the same day the petition was filed. McCoy's lengthy detention before the petition for revocation was filed cannot be condoned. See *Morrissey v. Brewer*;[6] *Gagnon v. Scarpelli*.[7] However, even though the trial court was informed that McCoy had been in custody for more than 30 days before a petition was filed, McCoy did not raise a due process violation in the trial court. As this issue was not raised in the trial court, it cannot be considered for the first time on appeal. *Tanthongsack v. State*.[8]

*Judgment vacated and case remanded for resentencing. Eldridge and Barnes, JJ., concur.*

---

[4] *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999).

[5] *Porter v. State*, 142 Ga. App. 481 (1) (236 SE2d 172) (1977).

[6] *Morrissey v. Brewer*, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) (1972).

[7] *Gagnon v. Scarpelli*, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) (1973).

[8] *Tanthongsack v. State*, 265 Ga. 88 (1) (453 SE2d 468) (1995).

Decided November 2, 2000.

*Wanda S. Jackson*, for appellant.

*Patrick H. Head, District Attorney, Steven C. Chen, Maria B. Golick, Dana J. Norman, Assistant District Attorneys*, for appellee.