A01A1450, A01A1451. BRYANT v. THE STATE (two cases).
(553 SE2d 629)

MIKELL, Judge.

On November 9, 1999, Roy Bryant pled guilty to one count of theft by shoplifting and one count of giving a false name to a law enforcement officer. The trial court sentenced him to ten years, twenty-four months of which he was to serve in confinement, with the balance on probation, and to twelve months probation to run concurrently for the second offense.[1] The trial court suspended Bryant's confinement period conditioned upon his entry into and successful completion of the Residential Substance Abuse Treatment ("RSAT") inpatient and aftercare programs. After Bryant's second probation revocation hearing, the trial court revoked four years of his probationary sentence. Bryant appeals, arguing that pursuant to OCGA § 42-8-34.1, the trial court was only authorized to revoke a maximum of two years of his sentence because he did not commit a subsequent felony or violate a special condition of his probation. Bryant argues in his second enumeration of error that the order to complete the RSAT

---

program was not a special condition of his probation. We disagree and find that completion of the RSAT program was a special condition of Bryant's probation, warranting the imposition of the sanction authorized by OCGA § 42-8-34.1 (c). In doing so, we address simultaneously Bryant's enumerations of error.

The record shows that on May 17, 2000, the probation department moved to revoke Bryant's probation after he was removed from the RSAT program because he stabbed a classmate with a pencil. Bryant admitted that the confrontation occurred, except he claimed that he used a pen with a cap on it, which only punctured his classmate's skin. The trial court reinstated Bryant's probation, reimposed the condition that Bryant complete the RSAT program and added the condition that Bryant live in a halfway house during RSAT aftercare. The probation department filed a second petition to revoke Bryant's probation on November 3, 2000, after he was expelled from the program for violent behavior. Again, he admitted his involvement in the confrontation. In response thereto, the trial court revoked four years of Bryant's probationary sentence.

OCGA § 42-8-34.1 provides, in relevant part:

> (b) At any revocation hearing, upon proof that the defendant has violated any provision of probation or suspension other than by commission of a new felony offense, the court shall consider the use of alternatives to include community service, intensive probation, diversion centers, probation detention centers, special alternative incarceration, or any other alternative to confinement deemed appropriate by the court or as provided by the state or county. In the event the court determines that the defendant does not meet the criteria for said alternatives, the court may revoke the balance of probation or not more than two years in confinement, whichever is less. (c) If the violation of probation or suspension alleged and proven by a preponderance of the evidence or the defendant's admission is the commission of a felony offense or the violation of a special condition imposed pursuant to this Code section, notwithstanding any other provision of law, the court may revoke no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed for the crime constituting the violation of the probation.

Bryant urges the application of subsection (b); however, we find that the trial court's reliance on subsection (c) to revoke four years of Bryant's probation was appropriate.

In *Chatman v. Findley*,[2] a habeas proceeding, our Supreme Court held: "For purposes of imposing the harsher consequences authorized by subsection (c), the violation of any new special condition imposed in a previous revocation proceeding or *any original condition reimposed therein* is deemed to be a violation of a 'special condition imposed pursuant to' OCGA § 42-8-34.1."[3] In this case, Bryant's successful completion of the RSAT program was imposed as a special condition during his original sentencing. In the first probation revocation proceeding, the trial court reimposed the condition that Bryant complete the RSAT program. Thus, when the second probation revocation proceeding occurred, wherein Bryant again admitted to violent behavior, the trial court was authorized to revoke the remainder of Bryant's probation.

Bryant relies upon *Dunlap v. State*[4] and *McCoy v. State*[5] to support his argument that the RSAT program was not a special condition of his probated sentence. However, both cases are distinguishable. In each case, we found that the trial court's revocation of more than two years of the defendants' sentences was erroneous because the condition that the defendants violated was imposed during their original sentencing hearings, rather than pursuant to OCGA § 42-8-34.1. Here, as stated earlier, the condition that Bryant complete the RSAT program was a special condition reimposed pursuant to OCGA § 42-8-34.1. Accordingly, the trial court did not err when it revoked four years of Bryant's probated sentence. Consequently, we affirm.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED AUGUST 7, 2001.

*Jane C. Watson*, for appellant.

*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Noah Pines, Assistant District Attorneys*, for appellee.

---

[2] 274 Ga. 54 (548 SE2d 5) (2001).
[3] Id. at 56.
[4] 231 Ga. App. 82 (497 SE2d 640) (1998).
[5] 246 Ga. App. 623 (541 SE2d 444) (2000).