## A01A1735. CARTER v. THE STATE.
### (560 SE2d 697)

RUFFIN, Judge.

Janet Faye Carter appeals from her convictions for driving under the influence of alcohol and driving after being declared a habitual violator. She argues that the trial court erred in admitting the testimony of Barbara Terrell, a prosecution witness. Finding no error, we affirm.

The record shows that Carter's original attorney demanded in writing a list of the State's witnesses, as well as information concerning those witnesses, under OCGA §§ 17-16-3 and 17-16-8. On August 18, 1997, the State served on defense counsel a list of witness names and addresses, including information about Terrell. Carter subsequently decided to change counsel. Accordingly, her original attorney moved to withdraw, and her current counsel, William Head, entered an appearance. Head also filed a demand for statutory discovery, requesting "[a] complete list of witnesses upon whose testimony or evidence the State's case against Defendant is based." Although the State did not re-serve its original witness list on Head, it provided him with a second witness list clearly marked "supplemental." This supplemental list did not reference Terrell.

At the beginning of trial, Head moved to exclude Terrell's testimony, claiming that neither he nor his client received the August 18, 1997 witness list identifying her. Concluding that the State properly served that list on Carter's original counsel, the trial court refused to exclude the testimony, but permitted Head to interview Terrell before she testified. After interviewing Terrell, Head again asserted that the defense had not received proper notice of the witness, indicated that Carter did not want a continuance, and renewed the

---

[3] See *Goodwin v. State*, 251 Ga. App. 549, 550-551 (1) (554 SE2d 317) (2001).

motion to exclude. The trial court denied the motion and allowed Terrell's testimony.

1. A felony defendant who elects to participate in the discovery procedures under OCGA § 17-16-1 et seq. must "be furnished with . . . a list of witnesses that may be supplemented."[1] No later than ten days before trial, the prosecution must also furnish defense counsel with specific information about the State's witnesses.[2] We have construed the term "furnish" to require service,[3] which, by statute, "shall be made upon the party's attorney unless service upon the party himself is ordered by the court."[4] The record shows, and Carter does not dispute, that the State served the August 18, 1997 witness list disclosing Terrell on the attorney who represented Carter at that time. Nothing in the record indicates that the trial court ordered service directly on Carter; service on her attorney, therefore, was appropriate.[5]

Given these facts, we are dismayed by Carter's assertion that she did not receive "proper notice" of this witness. The State identified Terrell as a witness on its original witness list. Carter's decision to change attorneys did not undermine that notice, and the criminal discovery rules do not require the State to re-serve discovery materials on each new attorney a defendant retains.[6] The State cannot be held responsible for a communication lapse between Carter's former and current counsel. Indeed, current counsel should have realized from documents produced by the State that he did not have all of the discovery obtained by Carter's original attorney. On April 10, 1998, the State served Head with a second witness list clearly marked "supplemental," indicating that a prior witness list existed.

Carter complains that the State neglected to file the August 18, 1997 witness list when it served defense counsel, preventing Head from finding it when he reviewed the court file. The record shows that the State did not file the list until March 11, 1999, during Carter's trial. Citing the State's failure to "properly file" its witness

---

[1] OCGA § 17-16-3. Throughout her brief, Carter cites the statutory witness list requirements for misdemeanor cases. See OCGA §§ 17-16-21; 17-16-20. Carter, however, was charged with and convicted of a felony habitual violator offense, resulting in a five-year jail sentence. See OCGA § 40-5-58 (c) (1); *Hyde v. State*, 205 Ga. App. 754, 755 (1) (424 SE2d 39) (1992) (describing difference between felony and misdemeanor habitual violator offenses). Accordingly, the discovery rules relating to felony cases applied here. See OCGA § 17-16-2 (a).

[2] OCGA § 17-16-8 (a).

[3] See *Lawson v. State*, 224 Ga. App. 645, 647 (3) (a) (481 SE2d 856) (1997).

[4] OCGA § 17-1-1 (b) (1).

[5] See id.

[6] Even Carter acknowledged below that "[t]he burden is not on the state to make certain that a new attorney has everything the old attorney had."

list, Carter asserts that service on her prior counsel was procedurally defective and invalid.

We disagree. Under OCGA § 17-1-1 (c), "[a]ll original papers, copies of which are required to be served upon parties, shall be filed with the court either before service or immediately thereafter." Generally, therefore, such papers should be filed when served. But we have found no authority indicating that untimely filing *negates* service and notice of the State's witness list in a felony case, especially where, as here, service is not disputed.[7] Furthermore, the State specifically served the August 18, 1997 list pursuant to OCGA § 17-16-8. That Code section requires the State to provide witness information to defense counsel "in confidence."[8] A public filing is hardly made "in confidence," arguably supporting service alone.

Finally, even if the State violated its discovery obligations by filing the August 18, 1997 witness list late, the trial court did not err in admitting Terrell's testimony. Upon learning of such a violation, the court, in its discretion, "may order the state to permit . . . [an] interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from . . . presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances."[9] We will not reverse the trial court's decision to allow Terrell's testimony unless the court abused its discretion.[10]

No abuse occurred here. " 'The witness list rule is designed to prevent a defendant from being surprised at trial by a witness that the defendant has not had an opportunity to interview.' "[11] We cannot find that Carter was "surprised" by Terrell in this case. Even if the State technically violated the discovery rules, it timely served the August 18, 1997 witness list on Carter through defense counsel, undermining any "surprise" argument.

Moreover, absent a showing of prejudice *and* bad faith, "an interview of the witness is the remedy for failure to comply with the requirement that a witness must be identified prior to trial."[12] The trial court allowed Carter to interview Terrell before she testified, and Carter indicated through counsel that she did not want a continuance. Carter has neither argued nor cited evidence that the State

---

[7] Contrary to Carter's assertion on appeal, our decision in *Brown v. State*, 246 Ga. App. 517, 520 (4) (541 SE2d 112) (2000), which construed a misdemeanor discovery provision, does not establish such a rule.

[8] OCGA § 17-16-8 (a).

[9] OCGA § 17-16-6; see also *Malaguti v. State*, 273 Ga. 398, 401 (2) (543 SE2d 1) (2001).

[10] See id. at 402-403; *Wilbanks v. State*, 251 Ga. App. 248, 255 (5) (a) (554 SE2d 248) (2001).

[11] Id.

[12] *Massey v. State*, 272 Ga. 50, 51-52 (4) (525 SE2d 694) (2000).

acted in bad faith. And any bad faith claim is belied by undisputed evidence that the prosecution timely informed Carter's former counsel about this witness. Under these circumstances, the trial court did not abuse its discretion in admitting Terrell's testimony.[13]

2. Carter also argues that the State violated her due process rights by withholding Terrell's name from the defense. As discussed above, however, the State disclosed Terrell as a witness to Carter's original attorney. Furthermore, we have not found — and Carter has not cited — any evidence that Carter raised this constitutional argument below. Although she certainly claimed that the State breached its discovery obligations, she never asserted a constitutional violation. "As this [due process] issue was not raised in the trial court, it cannot be considered for the first time on appeal."[14]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JANUARY 10, 2002 —
RECONSIDERATION DENIED FEBRUARY 19, 2002.

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*W. Kendall Wynne, Jr., District Attorney*, for appellee.

---

[13] See id.; see also *Brown v. State*, 236 Ga. App. 478, 481-482 (3) (512 SE2d 369) (1999) (affirming admission of photographs produced to defense on eve of trial, the Court noted that "[i]n order to trigger the harsh sanction under OCGA § 17-16-6, of excluding evidence improperly withheld from the defense, there must be a showing of prejudice to the defense and bad faith by the State") (punctuation omitted).

[14] *McCoy v. State*, 246 Ga. App. 623, 625 (3) (541 SE2d 444) (2000); see also *Zachery v. State*, 238 Ga. App. 191, 192 (2) (517 SE2d 71) (1999) ("A trial objection on a specific ground waives appellate review of other grounds.").