A02A0917. COUCH v. THE STATE.
(570 SE2d 57)

BLACKBURN, Chief Judge.

Homer Ralph Couch appeals his convictions by a jury of theft of a motor vehicle and theft of a firearm. He argues that: (1) the trial

court erred in denying his requests for a continuance; (2) the State failed to establish venue; and (3) the evidence was insufficient to establish ownership of the stolen property. For the reasons set forth below, we affirm.

Couch was indicted for theft by taking a motor vehicle and theft by taking a firearm. He pled not guilty and was appointed counsel on May 18, 1998. At the time counsel was appointed, Couch was incarcerated in Hall County. Upon his release, he made no effort to contact counsel, and counsel did not contact him until approximately three weeks before trial. On the morning of the trial, counsel met Couch in person for the first time. At that time, Couch informed her of a witness who could testify on his behalf. Counsel moved for a continuance on the grounds that she needed more time both to prepare for trial, and also to subpoena a necessary witness. The trial court denied her motion.

1. In two enumerations of error, Couch complains that the trial court erred in denying his request for a continuance. The standard of review of a trial court's ruling on a motion for continuance is well established.

> A motion for continuance is addressed to the sound discretion of the trial court, and this court will not interfere unless it is clearly shown that the court abused its discretion. There is no fixed rule as to the number of days that should, of right, be allowed counsel in a criminal case to prepare the case for trial, but the trial judge, in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case to determine what the ends of justice require. Broad discretion must be granted trial courts on matters of continuances and only unreasoning and arbitrary insistence upon expeditiousness in the face of *justifiable* request for delay would violate the right to assistance of counsel.

(Citations and punctuation omitted.) *Kennedy v. State*,[1] overruled on other grounds, *Clay v. State*.[2]

(a) Couch first maintains that the trial court erred in failing to grant his motion for continuance because his attorney did not have time to prepare for trial. We find no error.

> A motion for a continuance predicated on the basis that counsel has not had sufficient time to prepare for trial

---

[1] *Kennedy v. State*, 217 Ga. App. 18 (1) (456 SE2d 288) (1995).
[2] *Clay v. State*, 232 Ga. App. 541, 542-543 (502 SE2d 267) (1998).

addresses itself to the sound discretion of the trial judge, and a ruling denying such a motion will not be interfered with unless the judge has abused his discretion in denying the motion. The conduct of the party is obviously relevant and is a proper consideration for the judge in the exercise of his discretion.

(Citation and punctuation omitted.) *Bates v. State*.[3] In denying the motion on the ground that counsel had not had time for adequate preparation, the trial court noted that: the trial began on October 4, 1999; Couch was appointed counsel on May 18, 1998; counsel had met with Couch prior to trial; and the case had been continued several times, most recently from the September 3, 1999 calendar. In addition, we note that this was not a complex case and there were few witnesses, who were not widely separated. Under these circumstances, the trial court did not abuse its discretion in denying the motion for continuance. *Heard v. State*;[4] *Williams v. State*.[5]

(b) Couch also asserts that the trial court erred in denying his motion for a continuance because he was not allowed to procure the attendance of a witness. In the order denying Couch's motion for new trial, the trial court succinctly stated:

As to the failure to grant a continuance, the record would reflect that the case had been continued from the previous calendar and was set for trial during the subsequent trial week several weeks later. At the time of the request for a continuance, the Defendant failed to show that the claimed witness had been subpoenaed, that he did not reside more than 100 miles from the trial, that his testimony was material as no proffer of the testimony of such witness was made, and there was no showing that the defendant could obtain the witness at the next term of court (OCGA § 17-8-25). Further, there was no showing of due diligence by the defendant to obtain the testimony of the alleged witness (OCGA § 17-8-20).

In light of these findings, which are supported by the record, the trial court did not err in denying the motion for continuance. *Edwards v. State*;[6] *Hornsby v. State*.[7]

---

[3] *Bates v. State*, 202 Ga. App. 460, 461 (1) (414 SE2d 691) (1992).
[4] *Heard v. State*, 135 Ga. App. 685, 686 (2) (218 SE2d 866) (1975).
[5] *Williams v. State*, 148 Ga. App. 55 (1) (250 SE2d 848) (1978).
[6] *Edwards v. State*, 224 Ga. App. 332, 333 (1) (480 SE2d 246) (1997).
[7] *Hornsby v. State*, 159 Ga. App. 672, 673 (3) (284 SE2d 630) (1981).

2. Couch next asserts that the State failed to prove venue by showing that the theft of the motor vehicle and handgun took place in White County. Evidence presented at trial by the State, however, established that, while in White County, Couch borrowed a co-worker's truck which had a handgun in the glove compartment. Couch drove away and never returned the truck or the pistol.

Under OCGA § 16-8-11, "the crime shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft." Though Couch was arrested several days after the thefts in Lumpkin County, the evidence was more than sufficient both to show that, while in White County, Couch exercised control over the vehicle and the pistol, and also to allow the jury to infer intent to steal the vehicle and firearm in White County. See, e.g., *Pruitt v. State.*[8]

3. Couch asserts two additional enumerations of error. As these enumerations of error are not supported in the brief by citation of authority or argument, they are deemed abandoned. *Smith v. State.*[9]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 30, 2002.

*Lea L. London*, for appellant.

*N. Stanley Gunter, District Attorney, Gerald W. Bruce, Kerry I. Banister, Assistant District Attorneys*, for appellee.

[8] *Pruitt v. State*, 245 Ga. App. 801, 803 (2) (538 SE2d 874) (2000).
[9] *Smith v. State*, 249 Ga. App. 39, 44 (5) (547 SE2d 598) (2001).