## A06A2032. HERRINGTON v. THE STATE.
### (645 SE2d 29)

MIKELL, Judge.

Following a jury trial, Joe Henry Herrington was convicted of aggravated child molestation.[1] On appeal, he contends that the trial court erred in denying his amended motion for new trial,[2] which alleged ineffective assistance of trial counsel. We find no error and affirm.

Herrington contends that the trial court erred in not granting a new trial based on his claim of ineffective assistance of counsel.[3] In order for Herrington to succeed on this claim, he must satisfy the two-prong test set forth in *Strickland v. Washington.*[4]

> Under this test, [Herrington] must prove that counsel's performance was deficient and that this deficient performance prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency. Moreover, there is a strong presumption that trial counsel's performance fell within the broad range of reasonable professional conduct. We will uphold the trial court's ruling in this regard unless it is clearly erroneous.[5]

"Failure to satisfy either prong of [the *Strickland* test] is fatal to an ineffective assistance claim, and we need not address the deficient performance prong if the showing on the prejudice prong is insufficient."[6]

a. Herrington first contends that his trial counsel, John R. Strother III, failed to identify an alibi witness, Tom Marion Noble, in reciprocal discovery; failed to investigate the alibi defense; and failed to present it at trial. At the hearing on the motion for new trial, Noble was not called as a witness. Further, although Herrington's new

---

[1] OCGA § 16-6-4 (c).

[2] The trial court's reference in its order denying the motion for new trial that the evidence was sufficient to find Herrington guilty "of murder, aggravated assault and possession of a firearm during the commission of a crime" appears to be a clerical error. See *Pringle v. State,* 281 Ga. App. 230, 233 (1), n. 4 (635 SE2d 843) (2006).

[3] The two errors enumerated in Herrington's brief actually raise only one issue, adequacy of trial counsel.

[4] 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

[5] (Punctuation and footnotes omitted.) *Lawson v. State,* 280 Ga. App. 870, 872 (2) (635 SE2d 259) (2006).

[6] (Footnote omitted.) *Pringle,* supra at 234 (2).

counsel asserted that Noble had sworn an affidavit on July 18, 2001, this affidavit was not tendered into evidence and appears nowhere in the record.

> Therefore, because [Herrington] neither called [Noble] to testify at the motion for new trial hearing nor presented a legally acceptable substitute for [Noble's] direct testimony so as to substantiate [Herrington's] claim that [Noble's] testimony would have been relevant and favorable to [his] defense, it was impossible for [Herrington] to show there is a reasonable probability the results of the proceedings would have been different.[7]

Even if Noble's testimony had been presented directly or in a legally acceptable substitute at the hearing, however, Herrington did not show that his trial counsel rendered ineffective assistance. First, Strother testified at the motion hearing that, although Herrington told him that he was out of town during some of the time named in the indictment, Herrington never provided him with the name of a witness. Strother further testified that, although he could not remember specifically, he would have explored the possibility of presenting an alibi defense at trial if there had been a potential alibi defense available. Thus, Herrington has failed to show that his trial counsel did not adequately investigate the possibility of an alibi defense.[8]

Moreover, Noble's testimony, as outlined by appellate counsel at the hearing, was that Herrington was visiting Noble in Macon from October 30 to November 1, 1998. In light of the fact that the indictment charges that the offenses occurred from October 1998 to October 2000, and in light of the fact that the victim testified to multiple acts of anal penetration by Herrington, we conclude that Herrington failed to show that the outcome of the trial would have been different had trial counsel presented this alibi defense.[9]

---

[7] (Citation and punctuation omitted.) *Dickens v. State*, 280 Ga. 320, 323 (2) (627 SE2d 587) (2006) ("Hearsay evidence cannot be used either under the first *Strickland* prong to rebut the reasonableness of trial counsel's tactical decision or under the second *Strickland* prong to establish that the defense was prejudiced by counsel's deficient performance, [although] trial courts on motion for new trial are authorized to consider as substantive evidence the information presented by competent affiants in properly-executed affidavits when the affidavit is made on personal knowledge and sets forth facts that would be admissible in evidence") (footnote omitted) (id. at 322 (2), n. 2).

[8] See, e.g., *Cowan v. State*, 243 Ga. App. 388, 396-397 (10) (b) (531 SE2d 785) (2000) (trial counsel gave reasonable professional assistance where he determined that one alibi witness would hurt the defense, and the other did not remember defendant).

[9] See *Jones v. State*, 266 Ga. App. 679, 683-684 (2) (598 SE2d 65) (2004) (defendant accused

b. Herrington asserts that his trial counsel provided ineffective assistance in failing to view the videotape of the medical examination of the victim by Dr. Debbie West on March 6, 2001, failing to investigate her findings, failing to interview her, and failing to call her as a witness at trial. However, Dr. West did not testify at the hearing on the motion for new trial. Therefore, we do not know what her testimony might have been, nor whether it might have been favorable to Herrington. "The failure of trial counsel to employ evidence cannot be deemed to be prejudicial in the absence of a showing that such evidence would have been relevant and favorable to the defendant."[10]

c. Herrington further contends that his trial counsel was ineffective in failing to interview all the witnesses from the Department of Family and Children Services ("DFCS") and to review all videotapes available through discovery. At the motion hearing, however, no witnesses from DFCS testified nor was any proffer made of the evidence Herrington expected to be revealed from the videotapes. Herrington thus "offered no more than speculation regarding the content of such alleged potential favorable evidence, which is insufficient to sustain a claim of ineffective assistance of counsel."[11]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 20, 2007 —
RECONSIDERATION DENIED APRIL 12, 2007 — 

*Robert S. Lanier, Jr.,* for appellant.
*Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney,* for appellee.

---

of two related bank robberies did not show prejudice by attorney's failure to present alibi evidence which went to only one of the robberies).

[10] (Footnote omitted.) *Duvall v. State,* 273 Ga. App. 143, 145 (3) (b) (614 SE2d 234) (2005) (defendant accused of child molestation did not proffer testimony and thus did not show prejudice in attorney's failure to call witnesses to show prior disputes between victim's family and defendant). Compare *Goldstein v. State,* 283 Ga. App. 1, 4-5 (3) (a) (640 SE2d 599) (2006) (counsel's assistance found ineffective where witnesses at new trial hearing testified that victim's mother made multiple false accusations of child molestation, and this evidence had been readily available to trial counsel at time of trial).

[11] (Punctuation and footnote omitted.) *Pringle,* supra at 234 (2) (b) (defendant failed to show prejudice from inadequate investigation by trial attorney, where defendant made no proffer of what a thorough investigation would have revealed).