## A07A1326. VENEGAS v. THE STATE.

(647 SE2d 422)

JOHNSON, Presiding Judge.

A jury found Juan Richardo Venegas guilty of unlawfully possessing cocaine.[1] Venegas appeals, asserting that his trial counsel, Nicholas Pagano, rendered ineffective assistance of counsel. The trial court found that Pagano's representation was not deficient but was within the broad range of acceptable professional conduct. We agree and affirm Venegas' conviction.

On March 19, 2005, Venegas went to Imperial Billiards, a pool hall and bar. At some point during the evening, Venegas went into the restroom and met Moreno Gaspar Gerardo. Gerardo pulled a baggy of cocaine out of his pocket and offered it to Venegas. Venegas and Gerardo were located in a set of bathroom stalls, and as Venegas took the baggy, Officer Hollingsworth entered the restroom. When Officer Hollingsworth entered the restroom, he saw two sets of feet in the same stall. The officer thought this appeared suspicious and pushed open the unsecured swinging doors. He saw Venegas and Gerardo standing there, holding the plastic baggy and cash. When the two men saw Officer Hollingsworth, they dropped the baggy, stuffed money in their pockets and tried to leave. The contents of the baggy tested positive for cocaine. On the day before the trial, co-defendant Gerardo pled guilty to possessing the cocaine and testified against Venegas at trial.

Venegas alleges he received ineffective assistance of trial counsel because of a comment made by his trial counsel during opening statement, because his trial counsel failed to determine whether a probation officer's card existed, and because his trial counsel allegedly failed to cross-examine the officer in a competent manner. In *Williams v. State*,[2] the Supreme Court set forth the standard upon which ineffective assistance of counsel is to be judged based upon a United States Supreme Court test established in *Strickland v. Washington*.[3] Under the standard applied in *Strickland*, the appellant must make two affirmative showings: that counsel's representation fell below an objective standard of reasonableness (under the circumstances confronting him before and during the trial, without resorting to hindsight); and that such deficiency in performance prejudiced the defense.[4] Pertaining to the prejudice component, the Supreme Court held that a defendant must show that there is a reasonable

---

[1] See OCGA § 16-13-30 (a).

[2] 258 Ga. 281, 286 (7) (368 SE2d 742) (1988).

[3] 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984).

[4] Id.

probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.[5] Furthermore, judicial scrutiny of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within a wide range of reasonable professional representation,"[6] and in the absence of testimony that proves the opposite, counsel's actions are presumed strategic.[7] Upon review, the appellate court accepts the trial court's factual findings and credibility determinations unless clearly erroneous.[8] The defendant must affirmatively assert both factors of the *Strickland* standard or else be barred from an ineffective assistance of counsel claim.[9]

1. Venegas' first allegation of ineffective assistance of counsel arises from Pagano's opening statement to the jury regarding Venegas' prior criminal conviction. In the opening statement, Pagano told the jury:

> As a matter of fact, ladies and gentlemen, when he was arrested, the officers, they brought him out of the bar. This is the front of the bar [indicating drawing]. The officers had their cars parked somewhere else. Mr. Venegas told these officers that those drugs, that drug was not his and that he would not violate the law because he was on probation for violation of possession of methamphetamine, and he went to show the police officers the business card of his probation officer, and you know what the police did, ladies and gentlemen? They laughed at him. They thought it was funny. Well, I don't think this is funny, ladies and gentlemen, and, well, let's see what happens during the course of this trial.

At the motion for a new trial hearing, Pagano explained he had a strategic reason for informing the jury about Venegas' prior drug crime. He believed that revealing the prior crime would show Venegas had been caught and punished for one drug conviction; therefore, Venegas would not be foolish enough to commit another crime while on probation. Pagano also stated that it was his intention to put Venegas on the stand to tell his version of the events; however, Pagano had to make changes in his strategy as the trial progressed and in response to the state's case. Pagano testified that his act of

---

[5] Id.

[6] *Zant v. Moon*, 264 Ga. 93, 97 (2) (440 SE2d 657) (1994).

[7] *Jordan v. State*, 247 Ga. App. 551, 554 (2) (544 SE2d 731) (2001).

[8] *Suggs v. State*, 272 Ga. 85 (526 SE2d 347) (2000).

[9] See *Jordan*, supra.

mentioning the past drug conviction was driven by his decision of in-trial tactics and strategy.

Counsel's decisions on matters of tactics and strategy, even if unwise, do not amount to ineffective assistance of counsel.[10] Hindsight is not the measuring rod to be utilized in such situations, but "whether [some] reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial."[11] Here, Pagano clearly was utilizing a particular trial strategy. Because there is no testimony that provides evidence to the contrary, and in light of Pagano's testimony, the trial court did not err in determining that Pagano's representation fell within the broad range of acceptable professional conduct.

In addition, Venegas has failed to prove that the outcome of the trial would have been different if Pagano had refrained from mentioning Venegas' prior conviction during the opening statement.[12] The fact that Pagano testified the trial probably would have been decided differently or that his action was inherently prejudicial is not evidence that the action was actually prejudicial. Pagano does not set the standard; the courts do. There is overwhelming evidence corroborated by the testimony of Officer Hollingsworth and co-defendant Gerardo that points to the guilt of Venegas. Venegas cannot satisfy the second factor of the *Strickland* test.[13]

2. Venegas contends he received ineffective assistance of trial counsel because trial counsel failed to effectively cross-examine the arresting officer. We find no error.

The record shows that at the trial, the officer stated that he did not recall exactly who was holding the bag. Pagano requested that the officer read his testimony from the probable cause hearing in which the officer stated he saw both defendants with bags of cocaine. Pagano testified his strategy was to show the discrepancy between the officer's earlier testimony and current testimony in an attempt to impeach the officer's testimony as unreliable. While this may have been unwise and an error in judgment by Pagano, the Sixth Amendment does not guarantee errorless counsel or counsel judged ineffective by hindsight.[14] Moreover, Venegas has not shown that the outcome of the trial would have been different if his trial attorney did not elicit the officer's testimony regarding the persons holding the bags of cocaine.

---

[10] See *Suits v. State*, 150 Ga. App. 285 (257 SE2d 306) (1979).

[11] *Mency v. State*, 228 Ga. App. 640, 643-644 (2) (a) (492 SE2d 692) (1997).

[12] *Strickland*, supra.

[13] See *Holsey v. State*, 281 Ga. 177, 180 (4) (637 SE2d 32) (2006).

[14] *Hooks v. State*, 280 Ga. 164, 165 (3) (626 SE2d 114) (2006).

3. Venegas' attempt to claim ineffective assistance of counsel based on Pagano's failure to properly determine whether a probation officer's card actually existed is unfounded. According to Venegas, the probation officer's card supported his defense that because he was on probation, he would not have committed another crime. However, Venegas, at the urging of Pagano, never testified, and no evidence was presented relating to the business card allegedly shown to Officer Hollingsworth. In addition, Venegas claims that Pagano never investigated whether there was actually a business card in Venegas' wallet after Venegas recounted the story to him. Venegas does not deny that he informed Pagano that he showed the officer his probation officer's card.

Pagano testified at the motion for new trial hearing that he fully expected Venegas would testify and explain to the jury that he had shown the officer the card to support his defense that he would not have jeopardized himself by possessing the cocaine while he was on probation. Pagano further testified that there was no need to actually prove a probation card existed since Venegas' probation record would have been on file. Venegas' argument that the trial outcome would have been different if Pagano had performed this "simple investigation" is not viable. The purpose of the probation card was merely to emphasize to the jury that since Venegas was on probation for drug related charges, he would not be foolish enough to submit himself to such risk again. Pagano made this argument without the probation officer's card.

4. Venegas asserts the totality of the errors at trial establishes Pagano rendered ineffective assistance of counsel. However, "although the combined effects of trial counsel's errors should be considered together as one issue, it remains the case that '(t)his State does not recognize the cumulative error rule.' "[15] Venegas' contention lacks merit. Moreover, even if trial counsel's errors are viewed in totality as one issue, there is still insufficient evidence to require a reversal of the trial court's findings in this case.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JUNE 8, 2007.

*Daniel L. Henderson*, for appellant.

---

[15] *Schofield v. Holsey*, 281 Ga. 809, 811-812 (II), n. 1 (642 SE2d 56) (2007).

*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.