## A08A1431. CRAWFORD v. THE STATE.

(670 SE2d 185)

RUFFIN, Presiding Judge.

A jury convicted Jobe Crawford of aggravated assault and battery. He appeals his conviction, arguing that he received ineffective assistance of counsel and that the trial court erred by: failing to give cautionary instructions following improper testimony; failing to dismiss the charges; refusing to allow testimony regarding the reputation of a witness; giving an erroneous jury charge; making improper comments to the jury; allowing an improper witness to testify; failing to grant a continuance; and failing to continue the case or change venue due to pretrial publicity. For reasons that follow, we affirm.

Viewed in a light favorable to the verdict,[1] the evidence shows that on July 2, 2005, Crawford was at the house where his girlfriend, Yvonne Lee, lived with her brother Ray and sister Katie. When Crawford and Yvonne got into an altercation outside the house, Ray asked Crawford to leave. Crawford left, but later returned. When Ray confronted Crawford, Crawford showed Ray that he had a gun in his waistband, and Ray called the police. As a police officer arrived at the house, Ray saw Crawford flee to the side of the house and saw and heard Crawford fire the gun. The first officer to arrive, Officer Roberts, saw a man later identified as Crawford leave the porch of the house. Someone yelled "That's him," and Officer Roberts pursued Crawford. When Officer Roberts called to Crawford, he turned and fired his gun at the officer. Another officer heard the gunshot as he arrived at the scene. Crawford was apprehended nearby.

Yvonne had visible physical injuries from her altercation with Crawford, but she was uncooperative with police. Photographs of her injuries were shown to the jury, and her sister Katie testified that Crawford struck Yvonne in the face. Crawford was charged with aggravated assault for shooting at Officer Roberts and battery for injuring Yvonne.

1. Crawford argues that he received ineffective assistance of counsel at trial. While his single enumeration of error on this point contains 15 subparts, each highlighting a different instance of alleged ineffective assistance, Crawford only addresses a few of these in the argument portion of his brief. Because our rules require that all enumerations of error be supported by argument and citation to authority, we will only consider those allegations of ineffective

---

[1] See *Clemmons v. State*, 282 Ga. App. 261 (638 SE2d 409) (2006).

assistance that are actually addressed in the argument portion of Crawford's brief.[2]

> In order to prevail on a claim of ineffective assistance, [Crawford] must show that counsel's performance was deficient and that the deficient performance so prejudiced [Crawford] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different."[3]

There is a "strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct," and we defer to the trial court's factual findings, which are upheld unless clearly erroneous.[4]

(a) Crawford contends that trial counsel was ineffective when he failed to object to testimony by a police officer. In response to a question about gunpowder residue tests on Crawford, the police officer testified: "When I first started the initial interview, I read Mr. Crawford his Miranda warnings by our department[-]issued sheet we have. And he refused to make any statements." At the motion for new trial hearing, trial counsel stated that it "was probably a mistake on my part" to fail to object to this testimony. "Evidence regarding a defendant's decision to remain silent is objectionable and should be excluded. Improper reference to a defendant's silence, however, does not automatically require reversal."[5] And under these circumstances, where there was a single gratuitous reference to Crawford's silence and strong evidence of guilt, we do not find that trial counsel's failure to object was likely to affect the outcome of the trial.[6]

(b) Crawford argues that he was harmed by trial counsel's failure to object to "numerous instances of prejudicial[,] leading questions and improper testimony." With respect to the specific instances alleged by Crawford, trial counsel testified that his decisions not to object were strategic — in some instances because the testimony did not harm Crawford's case, and in other instances because he did not want to draw unnecessary attention to the topic. "The matter of when and how to raise objections is generally a

---

[2] See Court of Appeals Rule 25 (c) (2); *Slmbey v. State*, 288 Ga. App. 717, 718 (655 SE2d 223) (2007).

[3] (Punctuation omitted.) *Moore v. State*, 278 Ga. 397, 398 (2) (603 SE2d 228) (2004).

[4] (Punctuation omitted.) Id. at 399.

[5] (Citation and punctuation omitted.) *Nihart v. State*, 227 Ga. App. 272, 276 (1) (e) (488 SE2d 740) (1997).

[6] See *Hines v. State*, 277 Ga. App. 404, 409-410 (2) (626 SE2d 601) (2006); *Green v. State*, 249 Ga. App. 546, 554 (4) (547 SE2d 569) (2001).

matter of trial strategy.'"[7] And such tactical decisions do not provide grounds for ineffective assistance unless they are "so patently unreasonable that no competent attorney would have chosen them."[8] Here, we conclude that trial counsel's failure to object fell within the bounds of reasonable professional conduct.[9]

(c) Crawford asserts that trial counsel was ineffective by failing to seek a directed verdict on the aggravated assault charge for lack of evidence and on both charges for lack of venue. But there was sufficient evidence of aggravated assault to withstand a motion for directed verdict. And as trial counsel testified, there was testimony as to the address where the events took place, so that a motion for directed verdict on venue would have been denied.[10] Failure to make a meritless motion for directed verdict is not ineffective assistance of counsel.[11]

(d) Crawford argues that trial counsel presented an inadequate defense, specifically by not pursuing a conspiracy theory. He cites as error trial counsel's failure to question either Ray Lee or Officer Roberts about a possible conspiracy. What Crawford terms "conspiracy" appears to be his theory that people known as "New York Bobby" and "Miami Red" were at the Lee home at the time and that one or both of them were responsible for the crimes, rather than Crawford. But trial counsel questioned Ray and Yvonne about these individuals and about Ray's possible motive to want Crawford arrested. Trial counsel also called a defense witness who testified that he saw New York Bobby and Miami Red at the Lee house that day, that Miami Red resembled Crawford, and that Crawford was with him at the time of the shooting. And Crawford has not shown what additional testimony or evidence he contends should have been presented. Without a showing that additional evidence or testimony would have been relevant and favorable to Crawford, his claim of ineffective assistance on this basis fails.[12]

(e) Crawford claims that trial counsel was ineffective because he elicited certain unfavorable testimony. When trial counsel asked one witness, Tabarus Johnson, how long he had known Crawford, Johnson responded "since I've been locked up." But there is no evidence trial counsel anticipated this answer, as he was asking Johnson about the events of July 2, before either Crawford or

---

[7] *Gibson v. State*, 272 Ga. 801, 804 (4) (537 SE2d 72) (2000).

[8] (Punctuation omitted.) *Morton v. State*, 265 Ga. App. 421, 422 (1) (594 SE2d 664) (2004).

[9] See *Felder v. State*, 286 Ga. App. 271, 279 (5) (d) (648 SE2d 753) (2007).

[10] See *McCoy v. State*, 278 Ga. App. 492, 494 (4) (a) (629 SE2d 493) (2006).

[11] See id.

[12] See *Herrington v. State*, 285 Ga. App. 4, 6 (b) (645 SE2d 29) (2007).

Johnson was incarcerated. In cross-examining a different witness who claimed that Crawford tried to get him to give false testimony, trial counsel elicited that the two men had shared a jail cell. Trial counsel testified that he was seeking to impeach the witness with this information. Trial counsel also sought to impeach Katie by questioning her about an inconsistent statement she had given to police. We do not find trial counsel's explanation of these strategic decisions to be unreasonable, and this claim of ineffective assistance therefore fails.[13]

(f) Crawford contends that trial counsel's failure to make a *Batson*[14] motion constitutes ineffective assistance of counsel. At the motion for new trial hearing, trial counsel testified that he did not believe the criteria for a successful *Batson* motion existed. Crawford is African-American; the record reflects that the jury pool was made up of twenty whites, six African-Americans, and two persons of other races. The State exercised seven strikes, two for African-American females, two for African-American males, two for white males, and one for a female of another ethnic group. The State did not use all nine of its strikes, and the jury seated had ten white members and two African-American members. Voir dire was not transcribed, but trial counsel testified about jury selection from his notes. One of the African-American males struck by the State knew Crawford; one of the African-American females knew a witness. Trial counsel testified that he was satisfied with the reasons given by the State for its strikes. It was not unreasonable, therefore, for trial counsel to decide not to raise a *Batson* challenge, and we affirm the trial court's conclusion that there was no ineffective assistance of counsel.[15]

2. Crawford claims that the trial court erred in failing to, sua sponte, give cautionary instructions or declare a mistrial once the police officer testified that Crawford had refused to make a statement. For reasons given in Division 1, we find that any such error was harmless.

3. Crawford asserts that the trial court should have granted a directed verdict on both the aggravated assault and battery charges "for lack of proving venue and overall lack of evidence." For the reasons given in Division 1, there was no basis for the grant of a directed verdict as to the aggravated assault charge or on the issue of venue. And we also conclude that there was sufficient evidence of battery to preclude a directed verdict.[16]

---

[13] See *Venegas v. State*, 285 Ga. App. 768, 770 (1) (647 SE2d 422) (2007).

[14] See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

[15] See *Adams v. State*, 276 Ga. App. 319, 325 (6) (c) (623 SE2d 525) (2005).

[16] See *Meeks v. State*, 281 Ga. App. 334, 335-336 (636 SE2d 77) (2006).

4. Crawford alleges as error the trial court's refusal to permit him "to question one of the residents concerning drug presence and usage in the house at issue." But we note that trial counsel did question Ray about whether there were drugs in the house, and the trial court overruled the State's objection to this line of questioning. Accordingly, we find this enumeration without merit.

5. Crawford contends that the trial court erred in giving the following instruction to the jury:

> An essential element of the offense of aggravated assault on a peace officer is that the accused knew that the alleged victim was a peace officer. This may be shown by evidence of circumstances that would cause a reasonable person to know that the alleged victim was a police officer.

The charge given is the pattern jury instruction and is a correct statement of the law.[17]

6. Crawford argues that it was error for the trial court to comment to the jury "about the delay in the trial and the discussions held regarding the [sic] allowing testimony from certain witnesses," as this was prejudicial to him. At trial, Crawford objected to the State calling a witness who had not been timely identified, but the trial court overruled this objection. The trial court then explained to the jury that "both sides have provided witness names to the other side untimely [sic]. . . . I've been given no reason to paint either side with a different brush." Crawford did not object to the trial court's statement at the time, and thus has waived the issue on appeal.[18] In addition, this was not an opinion on Crawford's guilt or innocence, and "we do not find the trial court's comment seriously affected the fairness, integrity or public reputation of the trial so as to constitute 'plain error.' "[19]

7. Crawford asserts the trial court erred in permitting a witness to testify when that witness was not on the State's witness list and was not provided to Crawford within the appropriate discovery period. We review the trial court's decision to permit testimony by an improperly disclosed witness for abuse of discretion.[20] We find no abuse of discretion here. "[A]bsent a showing of prejudice *and* bad faith, an interview of the witness is the remedy for failure to comply with the requirement that a witness must be identified prior to

---

[17] See Georgia Suggested Pattern Jury Instructions, Vol. II, § 2.20.25 (4th ed.).

[18] See *Fletcher v. State*, 157 Ga. App. 707, 708-709 (4) (278 SE2d 444) (1981).

[19] *Archie v. State*, 248 Ga. App. 56, 58 (1) (545 SE2d 179) (2001).

[20] See *Carter v. State*, 253 Ga. App. 795, 797 (1) (560 SE2d 697) (2002).

trial."[21] The witness at issue was a 911 call center employee, who was being called to authenticate the tape of Ray's 911 call. Crawford does not argue that he was unaware of the existence of a 911 call; thus we find no prejudice to him in allowing the witness to merely authenticate the tape. And there is no evidence of bad faith on the part of the State. Crawford had the opportunity to interview the witness before she testified, which he declined. Under these circumstances, the trial court did not abuse its discretion in allowing the witness to testify.[22]

8. Crawford contends that the trial court should have granted him a continuance after he asserted that trial counsel was not prepared for trial. On the first day of trial, Crawford told the trial court that he believed his counsel had not adequately prepared. In response, trial counsel detailed eight meetings he had with Crawford and stated that, contrary to Crawford's assertion, he had contacted a number of potential witnesses, including those whose names had been given to him only the week before by Crawford. Trial counsel did not intend to call the witnesses about whom Crawford was concerned because "they [did not] have any information about the case." The trial court denied Crawford's motion for a continuance. "A motion for continuance is addressed to the sound discretion of the trial court, and this court will not interfere unless it is clearly shown that the court abused its discretion."[23] Under these circumstances, where the trial court heard from both Crawford and his counsel and there was no evidence that trial counsel failed to contact any material witnesses, the trial court did not abuse its discretion in denying the motion for continuance.[24]

9. Crawford asserts that the trial court should have, sua sponte, changed the venue of the trial because of pretrial publicity. He argues that the events took place in a small town and involved a police officer, and that citizens in the community were aware of them. But Crawford has presented no evidence either that the atmosphere in the community was so inherently prejudicial that he could not receive a fair trial or that the jurors showed actual prejudice on voir dire.[25] Accordingly, we find this enumeration to be without merit.[26]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

---

[21] (Punctuation omitted; emphasis in original.) Id.

[22] See id.

[23] (Punctuation omitted.) *Couch v. State*, 256 Ga. App. 822, 823 (1) (570 SE2d 57) (2002).

[24] See id. at 824 (1) (a).

[25] See *Blige v. State*, 211 Ga. App. 771, 772-773 (1) (440 SE2d 521) (1994).

[26] See id.

DECIDED NOVEMBER 19, 2008.

*Kenneth B. Still*, for appellant.
*J. David Miller, District Attorney, James L. Prine II, Assistant District Attorney*, for appellee.