A11A2165. MITCHELL v. THE STATE.
(725 SE2d 824)

DOYLE, Presiding Judge.

Following a jury trial, Elliott Mitchell appeals from his conviction of armed robbery,[1] kidnapping,[2] possession of a firearm during the commission of a crime,[3] and aggravated assault.[4] Mitchell contends that (1) the evidence was insufficient to support the verdict, (2) he received ineffective assistance of counsel, and (3) the trial court erred by admitting irrelevant evidence. Finding no error, we affirm.

Construed in favor of the verdict,[5] the evidence shows that Terrence Reid, Shannon Clay, and some friends drove from Charlotte, North Carolina, to Atlanta to purchase illegal drugs from Clay's friends and to shop. Clay arranged a meeting with her friends, and Reid accompanied her with $10,000 in cash, believing that he was going to purchase drugs. When Reid and Clay arrived at the meeting spot, the purported sellers had already left, so Reid and Clay

---

[1] OCGA § 16-8-41 (a).
[2] OCGA § 16-5-40 (a).
[3] OCGA § 16-11-106 (b).
[4] OCGA § 16-5-21 (a) (1).
[5] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

browsed in a nearby jewelry store. Reid left $8,000 of his cash in the trunk of the car. As Reid looked at the jewelry, Clay was on her telephone, pacing the floor and going in and out of the store. Soon Reid noticed that Clay had not returned to the store, so he went to the car, where he discovered that his money was gone from the trunk.

Five or ten minutes later, Clay returned to the car with her friends in a truck and introduced Reid. As Reid approached the truck, Mitchell, who was armed with an automatic pistol and hiding in the back seat, rose up and forced Reid into the truck. Once Reid was in the back seat, Mitchell ordered Reid to remove his jewelry and empty his pockets. As the driver drove off, Reid attempted to jump out of the door, and Mitchell hit him in the head with the butt of the pistol, causing the gun to fire and shatter the truck's window. The stray bullet hit bystander Shelly Williams, permanently paralyzing her from the waist down. The driver sped off, and Reid managed to leap from the vehicle as Mitchell shot at Reid while he tumbled onto the ground.

Reid ran back to the jewelry store shopping center where he discovered emergency personnel responding to the scene of Williams's injury. Realizing that his robbery was connected to the shooting of Williams, Reid called 911 and reported the incident to police.

Mitchell was charged with armed robbery, kidnapping, aggravated assault (two counts), theft by taking, and possession of a firearm during the commission of a crime (four counts). A jury found him guilty on each count, and the trial court denied his motion for new trial, giving rise to this appeal.[6]

1. Mitchell contends that the evidence was insufficient to support the guilty verdict because he was not adequately identified as the gunman in the back seat of the truck. We disagree.

When reviewing the sufficiency of the evidence,

> the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of

---

[6] For purposes of sentencing, counts for aggravated assault and theft by taking merged into an armed robbery count.

the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.[7]

Here, with respect to the question of the identity of the back seat gunman, there was testimony from Reid at trial that Mitchell "looks like him." Any equivocation by Reid due to the passage of time was for the jury to weigh because "[i]dentity is a question for the trier of fact, and where a witness identifies a defendant, the credibility of the witness making such identification is not to be decided by this [C]ourt."[8] Further, the driver of the truck in which Reid was robbed testified that Mitchell was his armed, back seat accomplice. Finally, there was testimony from Michael Wright, a friend of Mitchell, stating that Mitchell had told him that he had come to Atlanta to conduct a robbery, and Mitchell described the events of the day in question. In that account, Mitchell admitted to Wright that he took a victim's jewelry and struck the victim on the head with a gun, causing the gun to go off and injure a bystander. Although Wright's testimony was reluctant, and he questioned the truth of those statements, this credibility determination was for the jury.[9] Therefore, the evidence at trial supported an inference that Mitchell was the perpetrator of the indicted offenses, and the jury was authorized to so find.[10]

2. Mitchell next contends that the trial court erred by denying his claim of ineffective assistance of counsel based on two grounds: (a) trial counsel failed to move for a directed verdict at the close of the State's evidence, and (b) trial counsel failed to cross-examine certain witnesses for the State. We find no merit to these grounds.

Under *Strickland v. Washington*,[11] to succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different

---

[7] (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[8] (Punctuation omitted.) *Wallace v. State*, 289 Ga. App. 497, 499 (657 SE2d 874) (2008).

[9] See *Knight v. State*, 271 Ga. 557, 559 (1) (521 SE2d 819) (1999) (witness credibility is a matter to be determined by the jury).

[10] See *Handley v. State*, 289 Ga. 786 (1) (716 SE2d 176) (2011) ("the credibility of eyewitness testimony is within the exclusive province of the jury, and the testimony of but a single witness generally is sufficient pursuant to OCGA § 24-4-8."); *In the Interest of A. A.*, 293 Ga. App. 827, 829 (668 SE2d 323) (2008) (testimony of a single witness is sufficient to establish identity).

[11] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

if not for the deficient performance.[12] "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case."[13] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.[14] In reviewing the trial court's decision, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[15]

(a) With respect to trial counsel's failure to move for a directed verdict, trial counsel testified at the motion for new trial hearing that she believed she "would not be successful" if she had moved for a directed verdict. As we concluded in Division 1, the evidence was sufficient to support a guilty verdict.[16] "Failure to make a meritless motion for directed verdict is not ineffective assistance of counsel,"[17] so this argument presents no basis for reversal.

(b) With respect to trial counsel's failure to cross-examine certain witnesses, trial counsel testified that her strategy was to challenge the State's evidence of identity. As explained by trial counsel's testimony, the witnesses she did not cross-examine were not useful in her challenge to the identity evidence because they were not part of the State's evidence establishing Mitchell as the perpetrator of the crimes. For example, a bystander who drove up and encountered the injured Williams was not cross-examined because she had no knowledge of what happened or who shot Williams. The same was true for the first officer who arrived on the scene. Trial counsel explained that this was done as part of the defense strategy to attack the identity evidence:

> We cross-examined the witnesses that were — that had information that would be helpful to Mr. Mitchell. . . . We wanted the jury to focus on the lack of evidence. So instead of creating more information for them to consider that was not related, we wanted to streamline it and make sure that they understood that there was a lack of evidence versus

---

[12] See id. at 687-688, 694 (III) (A)-(B).

[13] (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[14] See *Strickland*, 466 U. S. at 697 (IV); *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[15] (Punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

[16] Mitchell does not assert any new grounds for challenging the sufficiency of the evidence in his ineffective assistance claim.

[17] *Crawford v. State*, 294 Ga. App. 711, 713 (1) (c) (670 SE2d 185) (2008).

something additional that they could later use against him. . . . [Also, jurors] typically appreciate [a streamlined process].

Based on the evidence in this case, this was a reasonable trial strategy and did not constitute deficient performance.[18] Accordingly, this enumeration is without merit.

3. Finally, Mitchell contends that the trial court erred by admitting irrelevant evidence that was prejudicial to him. Specifically, he points to testimony from a hotel manager describing a separate armed robbery that occurred the day before the robbery in this case. Mitchell was never accused of participating in the prior robbery; instead, Ky Bolden was arrested in connection with that offense. Mitchell objected to the evidence of the prior robbery on the ground that it had no relevance to whether he committed the robbery at issue. The trial court overruled the objection, which ruling Mitchell now assigns as error.

Under OCGA § 24-2-1 "[e]vidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded."

This rule favors the admission of any relevant evidence, no matter how slight its probative value, and evidence is relevant if it renders the desired inference more probable than it would be without the evidence. But the admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion.[19]

Here, the State offered the challenged evidence for the purpose of explaining the genesis of the robbery and to explain the motive. Ky Bolden, Mitchell's friend, was originally planning to participate in the robbery, but when he was arrested for the hotel robbery described in the challenged testimony, he could not participate, so his brother, Kendall Bolden, stepped into Ky's role as driver "to help [his] brother out" and obtain money to pay for an attorney. This evidence explained the State's theory of how the robbery was planned and the motive of the perpetrators, including Mitchell. The

---

[18] See *Cooper v. State*, 281 Ga. 760, 762 (4) (a) (642 SE2d 817) (2007) ("The scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel.") (punctuation omitted).

[19] (Citation and punctuation omitted.) *Knapp v. State*, 229 Ga. App. 175, 177 (2) (493 SE2d 583) (1997).

evidence did not implicate Mitchell in the prior robbery, so the risk of unfair prejudice or confusion was low.[20] Accordingly, the trial court did not abuse its discretion in overruling Mitchell's relevance objection.[21]

*Judgment affirmed. Ellington, C. J., and Miller, J., concur.*

DECIDED MARCH 9, 2012.

*Gina A. Smalley*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Jesse D. Evans, Assistant District Attorneys*, for appellee.

---

[20] See *Quedens v. State*, 280 Ga. 355, 361 (4) (629 SE2d 197) (2006) (trial court "may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury") (punctuation omitted).

[21] See *Kolokouris v. State*, 271 Ga. 597, 599 (3) (523 SE2d 311) (1999) ("Evidence as to motive is relevant, even though it may incidentally place the defendant's character in issue."); *Pittman v. State*, 178 Ga. App. 693 (2) (344 SE2d 511) (1986) ("The trial court has wide discretion in determining relevancy and materiality, and furthermore, where the relevancy or competency is doubtful, the evidence should be admitted, and its weight left to the determination of the jury.") (punctuation omitted).