## A07A1550. BRADFORD v. THE STATE.
(651 SE2d 356)

RUFFIN, Judge.

A jury found Jay Bradford guilty of numerous offenses, including aggravated assault, battery, armed robbery, theft by receiving, criminal damage to property, and fleeing to elude a police officer. On appeal, Bradford challenges the sufficiency of the evidence supporting his conviction for fleeing to elude a police officer. Bradford also

---

[10] See *Shelly v. State*, 107 Ga. App. 736, 737 (2) (131 SE2d 135) (1963).

contends that he received ineffective assistance of trial counsel. For the following reasons, we agree that the evidence was insufficient to establish the offense of fleeing to elude and thus reverse that conviction. But as Bradford is unable to establish that he was prejudiced by his attorney's alleged shortcomings, we affirm his remaining convictions.

Viewed in a light favorable to the verdict,[1] the evidence shows that during the night of February 28, 2005, Poksun Barker was leaving the business that she and her husband owned when she was accosted by two young men brandishing handguns who demanded her car keys. Although Mrs. Barker complied, one of the men nonetheless struck her with the handgun before the two fled in Mrs. Barker's vehicle, a Nissan Xterra. Bleeding profusely from a head wound, Mrs. Barker entered the business and telephoned her husband. Mr. Barker arrived shortly thereafter and summoned the police.

The police responded, and a "be on the lookout" alert was broadcast for Barker's vehicle. Approximately 40 minutes later, Barker's Xterra was seen by Officer John Bailey, who turned his marked patrol car around to pursue the vehicle. The Xterra accelerated rapidly and ran a traffic light before the driver made a sudden left turn into an apartment complex. According to Bailey, he continued to follow the vehicle, although he did not activate his blue lights because he was waiting for backup to arrive. The Xterra stopped, and three men fled the vehicle. Bailey ordered the men to stop, and both Bradford and another man, Christopher Frazier, complied. The third man, Raphael Ratliff, continued running but was discovered later that night, hiding underneath a building. Police discovered Barker's credit card in Frazier's pocket. Police also searched the Xterra, which had been damaged, and found a handgun on the front seat and the contents of Barker's purse strewn across the back seat. A second pistol was located outside of the truck, next to the apartment building.

All three men were charged with crimes stemming from the assault on Barker and the theft of her car. Immediately before trial, Ratliff pleaded guilty and testified on behalf of Frazier. According to Ratliff, Bradford decided to rob Barker when Frazier was in a grocery store. Bradford pulled a gun on Barker, struck her with it, and then took her keys, throwing them to Ratliff and ordering him to "crank up" the car. Bradford then drove the Xterra to pick up Frazier. Based upon this and other evidence, the jury found Bradford guilty of

---

[1] See *Espinosa v. State*, 285 Ga. App. 69, 70 (1) (645 SE2d 529) (2007).

aggravated assault, battery, armed robbery, hijacking a motor vehicle, two counts of theft by receiving, criminal damage to property, possession of a firearm during the commission of a crime, and fleeing or attempting to elude a police officer.

1. On appeal, Bradford challenges the sufficiency of the evidence supporting his conviction for fleeing or attempting to elude a police officer. Pursuant to OCGA § 40-6-395 (a),

> [i]t shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such signal shall be in uniform prominently displaying his or her badge of office, and his or her vehicle shall be appropriately marked showing it to be an official police vehicle.

The statute at issue expressly prohibits a driver from fleeing or attempting to elude a police officer after having been given some signal — either "by hand, voice, emergency light, or siren."[2] Thus, it is a necessary element of the crime that some clear signal be given that the driver is to stop.[3] Here, Bailey testified that he did *not* activate his blue lights, and there is no evidence that he gave any other signal to communicate to the driver of the Xterra that he was required to stop.[4] Under these circumstances, we agree that the evidence was insufficient to establish the elements of the offense of fleeing to elude.[5]

The State argues that the list of possible signals to stop contained in OCGA § 40-6-395 (a) should not be considered exhaustive and that we should look instead to the legislative intent, which the State suggests is to avoid dangerous driving in eluding police. As the Supreme Court recently reiterated, however, "[a] criminal statute

---

[2] OCGA § 40-6-395 (a).

[3] It is unclear whether such clear signal is required for a conviction for obstruction of a police officer under OCGA § 16-10-24 (a). See generally *Weidmann v. State*, 222 Ga. App. 796, 797 (2) (476 SE2d 18) (1996); but see *Phillips v. State*, 269 Ga. App. 619, 631-632 (11) (604 SE2d 520) (2004). However, Bradford was not charged under this Code section. To the contrary, the indictment specifies that Bradford attempted to elude an officer in a pursuing vehicle "after having been given a visible signal to bring his vehicle to a stop by an officer."

[4] We also note that after Bradford exited the vehicle and Bailey ordered him to stop, Bradford complied.

[5] See *Phillips*, supra (defendant entitled to directed verdict on obstruction where officer never turned on emergency lights or otherwise ordered defendant to halt); *Williams v. State*, 285 Ga. App. 190, 192 (1) (645 SE2d 676) (2007) (physical precedent only).

must be construed strictly against criminal liability and, if it is susceptible to more than one reasonable interpretation, the interpretation most favorable to the party facing criminal liability must be adopted."[6] Moreover, criminal statutes "must be read according to the natural and obvious import of their language, and their operation should not be limited or extended by application of subtle and forced interpretations."[7] Here, the plain language of the statute requires that drivers be given a signal to stop before they can be found culpable for fleeing or attempting to elude a police officer. And there simply is no evidence that any signal was given. Under these circumstances, the conviction for this offense cannot stand.[8]

2. In his second enumeration of error, Bradford contends that he received ineffective assistance of counsel. Specifically, he claims that his attorney — who was retained only six days before trial — was unprepared. To establish an ineffective assistance claim, Bradford bears the burden of showing both that his trial counsel's performance was deficient and that he was prejudiced by the alleged deficiency.[9] "Prejudice is shown by demonstrating that a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel."[10]

Given the overwhelming evidence of his guilt, Bradford is unable to show that he was prejudiced by counsel's alleged failure to prepare for trial.[11] Shortly after Barker was assaulted and her vehicle stolen, Bradford was found in possession of the Xterra, which still contained her belongings. Police also found a gun in the vehicle. Finally, Bradford's co-defendant implicated Bradford as the mastermind of the criminal venture. Under these circumstances, it is rather doubtful that additional preparation on the part of Bradford's counsel could have altered the outcome at trial. Although Bradford suggests that his attorney might have found witnesses to exonerate him, no such witness testified at the hearing on Bradford's motion for new trial. Without such witness, Bradford is unable to establish prejudice.[12] It follows that this alleged error presents no basis for reversal.[13]

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Bernes, J., concur.*

---

[6] (Punctuation omitted.) *Maxwell v. State*, 282 Ga. 22, 23 (1) (644 SE2d 822) (2007).

[7] (Punctuation omitted.) *State v. Swartz*, 277 Ga. App. 241, 242 (626 SE2d 210) (2006).

[8] See *Phillips*, supra.

[9] See *Morris v. State*, 280 Ga. 184, 184-185 (2) (625 SE2d 391) (2006); *Jenkins v. State*, 279 Ga. App. 897, 899 (2) (633 SE2d 61) (2006).

[10] (Punctuation omitted.) *Perez v. State*, 284 Ga. App. 212, 215 (3) (643 SE2d 792) (2007).

[11] See *Swanson v. State*, 282 Ga. 39, 44 (6) (644 SE2d 845) (2007).

[12] See *Hinkle v. State*, 282 Ga. App. 328, 329 (1) (638 SE2d 781) (2006).

[13] See *Swanson*, supra.

DECIDED JULY 31, 2007.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Crawford L. Seals, Assistant District Attorney*, for appellee.