A07A2204. MIKE v. THE STATE.
(659 SE2d 664)

BERNES, Judge.

Moses Mike pled guilty to two counts of selling cocaine. The trial court imposed a ten-year sentence of incarceration to be followed by a special period of probation. Mike appeals, contending that the trial court erred in imposing the special period of probation. We disagree and affirm.

The facts are undisputed. In March 2007, Mike pled guilty to two counts of sale of cocaine. He had previously been convicted of both possession and sale of cocaine. Pursuant to the terms of the parties' plea agreement, the state recommended that the trial court impose the statutory minimum sentence of ten years incarceration. OCGA § 16-13-30 (d). See also *State v. Jones*, 265 Ga. App. 493 (594 SE2d 706) (2004). The state also argued that the trial court was required by OCGA § 42-8-35.2 (a) to follow Mike's sentence of imprisonment with a special period of probation. Mike disagreed.

Mike contended that OCGA § 42-8-35.2 (a) extended the statutory minimum sentence set forth in OCGA § 16-13-30 (d) and that the two statutes conflicted. Mike argued that in view of this conflict, he was entitled to the lesser penalty set forth in OCGA § 16-13-30 (d).[1] The trial court rejected Mike's argument and sentenced Mike to serve ten years in confinement, to be followed by six years of special probation on each count, to run concurrently. This appeal followed.

1. We do not agree, as contended by Mike, that the relevant sentencing statutes conflict. OCGA § 16-13-30 (d) provides:

*Except as otherwise provided*, any person who [possesses with the intent to distribute] a controlled substance in

---

[1] Mike also raised a constitutional challenge which he has not asserted in this Court.

Schedule I or Schedule II shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than five years nor more than 30 years. Upon conviction of a second or subsequent offense, he or she shall be imprisoned for not less than ten years nor more than 40 years or life imprisonment.

(Emphasis supplied.)

In turn, OCGA § 42-8-35.2 (a) provides:

Notwithstanding any other provisions of law, the court, when imposing a sentence of imprisonment after a conviction of a violation of [OCGA § 16-13-30 (d)] . . . shall impose a special term of probation of three years in addition to such term of imprisonment; provided, however, upon a second or subsequent conviction of a violation of the provisions of [OCGA § 16-13-30 (d)], the special term of probation shall be six years *in addition* to any term of imprisonment.

(Emphasis supplied.)

"[A] criminal statute must be construed strictly against criminal liability and, if it is susceptible to more than one reasonable interpretation, the interpretation most favorable to the party facing criminal liability must be adopted." (Punctuation and footnote omitted.) *Bradford v. State*, 287 Ga. App. 50, 52-53 (1) (651 SE2d 356) (2007). Nevertheless, criminal statutes "must be read according to the natural and obvious import of their language, and their operation should not be limited or extended by application of subtle and forced interpretations." (Punctuation and footnote omitted.) Id. at 53 (1). Here, the plain language of the statute requires that a term of special probation be served "in addition to any term of imprisonment" rendered under OCGA § 16-13-30 (d). OCGA §§ 16-13-30 (d); 42-8-35.2 (a). The two statutes thus do not conflict.

2. Because we find that the two statutes do not conflict, Mike's claim that OCGA § 42-8-32.5 was implicitly repealed by the 1996 amendment to OCGA § 16-13-30 is without merit. See Ga. L. 1996, p. 1023, § 1.1.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MARCH 10, 2008 — ▮▮▮▮▮▮▮▮

*June E. Fogle, Gabrielle A. Pittman*, for appellant.

216

*Spencer Lawton, Jr., District Attorney, Ian R. Heap, Jr., Assistant District Attorney*, for appellee.