## A10A0773. GRIGGS v. THE STATE.

(693 SE2d 615)

BLACKBURN, Presiding Judge.

Following a jury trial, Franklin Griggs appeals his conviction for aggravated assault,[1] theft by shoplifting,[2] and battery.[3] In addition to challenging the sufficiency of the evidence as to the aggravated assault conviction, he argues that the trial court erred in (i) failing to give an appropriate charge as to aggravated assault, (ii) giving a charge on the lesser-included offense of simple assault, and (iii) denying his motion for new trial that asserted a claim of ineffective assistance of counsel. Discerning no error, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[4] We do not weigh the evidence or determine

---

[1] OCGA § 16-5-21 (a) (2).

[2] OCGA § 16-8-14 (a) (1).

[3] OCGA § 16-5-23.1 (a).

[4] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[5]

So viewed, the evidence shows that on December 23, 2006, a part-time loss prevention officer (who otherwise worked full-time for the government as a police officer) observed Griggs and a female companion enter a grocery store and remove several items from the shelves, concealing the items in aluminum foil. The officer alerted two store managers to station themselves at the store's entrance, and when the couple exited the store without paying for the items, the officer and the managers confronted the couple outside the store, causing the couple to split up and run in different directions. After the officer successfully detained the female, he went to assist the managers, who were struggling with Griggs. During the struggle, Griggs had bitten the shoulder of one of the store managers (breaking his skin), and had also stabbed the ankle of that manager with a pen so hard that the pen bent. The officer observed broken skin and blood on the manager's ankle. The officer subdued and handcuffed Griggs, who later kept repeating, "I did it, I did it." The officer took the couple back into the store, retrieving and photographing the stolen items. A patrol vehicle called by the officer took the couple to jail.

A grand jury indicted Griggs on one count of aggravated assault (stabbing the store manager with the pen, an object that when used offensively against another person was likely to result in serious bodily injury), one count of theft by shoplifting, and one count of battery (biting the store manager, causing visible bodily harm). At trial, Griggs did not contest the shoplifting and battery counts, but challenged only the aggravated assault count, arguing that the pen as used here was not likely to cause serious bodily injury. The jury found Griggs guilty on all counts, and the court sentenced Griggs accordingly, giving rise to Griggs's challenge to the sufficiency of the evidence for the aggravated assault conviction.

"A person commits the offense of aggravated assault when he or she assaults . . . with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . ." OCGA § 16-5-21 (a) (2). Griggs was indicted for (and found guilty of) aggravated assault for stabbing the store manager with a pen, "which, when used offensively against another person is likely to result in serious bodily injury."

Some evidence sustained this finding of guilt. A "jury may . . . find the object to be an instrument that is likely to result in serious bodily injury depending on the manner and means of the object's use,

---

[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

the wounds inflicted[,] and other evidence of the capabilities of the instrument." (Punctuation omitted.) *Ellison v. State*.[6] Here, Griggs stabbed the manager with the pen with such force that it bent the pen and broke the manager's skin, causing bleeding. "[T]he jury viewed the weapon and received testimony and photographic evidence about the nature and extent of the victim's actual injuries and the manner in which [Griggs] used the [pen] to stab the victim. . . ." Id. "[W]hether the instrument used constitutes . . . an object . . . which, when used offensively against a person, is likely to . . . result in serious bodily injury is properly for the jury's determination." (Punctuation omitted.) Id. The evidence sufficed to sustain the jury's determination of guilt here. Griggs's citation to *Ware v. State*[7] as contrary authority is to no avail, as not only is that case distinguishable, but it is physical precedent only and therefore not binding on this Court. See Court of Appeals Rule 33 (a).

2. Griggs argues that the trial court erred in its instructions to the jury on aggravated assault.[8] Specifically, he claims that the court did not instruct the jury that it should consider the manner in which the pen was used in making its determination whether the pen was an object likely to cause serious bodily injury.

Pursuant to the pattern jury instructions, the trial court quoted from the language of the statute defining aggravated assault (OCGA § 16-5-21 (a) (2)) and then instructed the jury:

> The [S]tate must also prove as a material element of aggravated assault as alleged in this case that the assault was made with an object [that] *when used offensively against a person* is likely to result in serious bodily injury.
>
> In deciding whether the alleged instrument was a weapon capable of causing serious bodily injury, you must consider direct proof of the character of the weapon, any exhibition of it to the jury, evidence of the nature of any wound or absence of wound or other evidence of the capabilities of the instrument.

(Emphasis supplied.) See Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, §§ 2.20.21; 2.20.24, pp. 3-4 (4th ed. 2007).

As stated earlier, a "jury may . . . find the object to be an instrument that is likely to result in serious bodily injury depending

---

[6] *Ellison v. State*, 288 Ga. App. 404, 405 (654 SE2d 223) (2007).

[7] *Ware v. State*, 289 Ga. App. 860, 864 (658 SE2d 441) (2008) (physical precedent only).

[8] Per OCGA § 17-8-58, Griggs's attorney objected to the court's instructions on this basis immediately following those instructions to the jury.

on the manner and means of the object's use, the wounds inflicted[,] and other evidence of the capabilities of the instrument." (Punctuation omitted.) *Ellison*, supra, 288 Ga. App. at 405. We hold that the trial court's instruction that the jury had to find "that the assault was made with an object [that] *when used offensively against a person* is likely to result in serious bodily injury" (emphasis supplied), substantially covered the principle that the jury should consider the manner and means of the object's use. When "the charge given covered substantially the same principles," there is no error in the court's instructions. *McGarity v. State.*[9] See *Hamilton v. State*[10] ("when considered as a whole, the trial court's charge covered the principle of law involved in the defendant's request, and the failure to charge in the exact language requested does not constitute reversible error") (punctuation omitted); *Richard v. State.*[11]

3. Griggs complains that the trial court failed to give an instruction on the lesser-included offense of simple battery. But Griggs failed to request such an instruction, whether orally or in writing. "A·trial judge never errs in failing to instruct the jury on a lesser-included offense where there is no written request to so charge." (Punctuation omitted.) *Rowland v. State.*[12] See *Armstrong v. State*[13] ("[a]bsent a written request for a charge on a lesser[-]included offense [of battery], made at or before the close of the evidence, the failure to so charge is not error") (punctuation omitted).

Griggs then claims that the trial court's instructing on the lesser-included offense of assault was error. "A trial court, sua sponte, may charge a jury on a lesser[-]included offense if the evidence justifies it." *Gagnon v. State.*[14] "Simple assault is necessarily a lesser[-]included offense of aggravated assault. Therefore, any defendant who has committed the greater offense of aggravated assault has necessarily committed the lesser offense of simple assault." (Punctuation and footnote omitted.) *Bostic v. State.*[15]

Under OCGA § 16-5-20 (a) (1), "[a] person commits the offense of simple assault when he or she . . . [a]ttempts to commit a violent injury to the person of another. . . ." Here, some evidence showed that Griggs attempted to violently injure the store manager by stabbing him with a pen with such force that he bent the pen. The

[9] *McGarity v. State*, 212 Ga. App. 17, 21 (5) (440 SE2d 695) (1994).
[10] *Hamilton v. State*, 297 Ga. App. 47, 50 (3) (676 SE2d 773) (2009).
[11] *Richard v. State*, 287 Ga. App. 399, 403 (5) (651 SE2d 514) (2007).
[12] *Rowland v. State*, 228 Ga. App. 66, 67-68 (1) (491 SE2d 119) (1997).
[13] *Armstrong v. State*, 292 Ga. App. 145, 147 (2) (664 SE2d 242) (2008).
[14] *Gagnon v. State*, 240 Ga. App. 754, 755 (1) (525 SE2d 127) (1999).
[15] *Bostic v. State*, 289 Ga. App. 195, 196 (656 SE2d 546) (2008).

fact that actual contact occurred did not diminish the fact that there was evidence of a simple assault. Thus, the trial court was authorized to give an instruction on the lesser-included offense of simple assault.

4. Griggs contends that the trial court erred in denying his motion for new trial that asserted he received ineffective assistance of counsel. To prove his claim of ineffective assistance, Griggs was required to

> show that counsel's performance was deficient and that the deficiency so prejudiced [Griggs] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Griggs] must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous.

(Citations omitted.) *Domingues v. State*.[16] Griggs cannot meet even the first prong as to any of his claims of ineffective assistance.

(a) *Failure to move for a directed verdict*. Griggs first claims that his counsel erred in failing to move for a directed verdict on the aggravated assault count based on the insufficiency of the evidence. However, in light of our ruling in Division 1 that the evidence was sufficient, this would have been a meritless motion. See *Crawford v. State*[17] ("[f]ailure to make a meritless motion for directed verdict is not ineffective assistance of counsel"). "Moreover, even absent a motion for a directed verdict, a criminal defendant may challenge the sufficiency of the evidence." *Griffith v. State*.[18] Thus, the trial court did not clearly err in finding that Griggs failed to show deficient performance by trial counsel.

(b) *Failure to submit a written instruction on battery as a lesser-included offense*. Griggs next contends that his counsel erred in failing to submit a written instruction on battery as a lesser-included offense. Counsel testified that he chose not to do so as part of an "all or nothing" defense, which tactic he discussed at length with Griggs. "Counsel's decision not to request a jury charge on a lesser[-]included offense and to pursue an 'all or nothing' defense is a matter of trial strategy and does not amount to ineffective

---

[16] *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003).

[17] *Crawford v. State*, 294 Ga. App. 711, 713 (1) (c) (670 SE2d 185) (2008).

[18] *Griffith v. State*, 286 Ga. App. 859, 868 (10) (e) (650 SE2d 413) (2007).

assistance." (Punctuation omitted.) *Ojemuyiwa v. State*.[19] See *Leonard v. State*[20] (decision to not request battery instruction as lesser-included offense so as to pursue "all or nothing" defense on aggravated assault charge was strategy decision and did not amount to ineffective assistance).

Moreover, once it became apparent that the trial court was going to sua sponte give an instruction on simple assault as a lesser-included offense, trial counsel strategically decided that a simple assault conviction would be better than a battery conviction and thus decided there was no advantage at that point in requesting a battery instruction. "Decisions about which jury charges to request are strategic and provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them." (Punctuation omitted.) *Leonard*, supra, 279 Ga. App. at 194-195 (2) (b). We discern no grounds for reversal here.

(c) *Failure to submit an additional charge on aggravated assault.* Finally, Griggs argues that his counsel erred in failing to request an instruction on aggravated assault that focused more on the manner in which the pen was used. But his counsel argued vociferously for such an instruction immediately following the court's failure to give the same. Moreover, as discussed in Division 2 above, the court's instruction adequately instructed the jury on this principle in any case. The trial court did not clearly err in finding no deficient performance by Griggs's trial counsel on this issue.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED APRIL 6, 2010.

*Randall S. Estes*, for appellant.
*Daniel J. Porter*, District Attorney, *Latysha M. Saunders*, Assistant District Attorney, for appellee.

[19] *Ojemuyiwa v. State*, 285 Ga. App. 617, 624 (5) (b) (647 SE2d 598) (2007).
[20] *Leonard v. State*, 279 Ga. App. 192, 194-195 (2) (b) (630 SE2d 804) (2006).