A10A1298. JONES v. THE STATE.
(695 SE2d 665)

BLACKBURN, Judge.

Following a jury trial, Charles Jones appeals his conviction on various drug-related counts, challenging the sufficiency of the evidence and arguing that he received ineffective assistance of counsel. We hold that the evidence sufficed to show Jones possessed the drugs in question with an intent to distribute same, and that the trial court did not abuse its discretion in denying his motion for new trial based on ineffective assistance grounds. Accordingly, we affirm.

Construed in favor of the verdict, *Davis v. State*,[1] the evidence shows that on April 15, 2006, Jones (a hip-hop artist) and his associates were exiting a concert arena to enter a limo when nearby youths fired guns at them. Jones's group dove into the limo and returned gunfire, and the limo eventually began to drive away. With drawn weapons, police stopped the limo before it could exit the arena grounds, and despite commands from police to submit peacefully, Jones and an associate exited the limo and fled, with officers in hot pursuit. Ignoring police demands to stop, Jones ran down a hill until caught by a security guard, who wrestled the resisting Jones to the ground. Police officers (assisted by a police dog) arrived and subdued Jones, placing him in handcuffs.

A search of Jones's person revealed that in one front pocket of his pants was a container of sixteen tablets of methamphetamine (weighing in the aggregate 4 to 5 grams), four small baggies of marijuana (weighing in the aggregate 2.7 grams), and $393 in cash in

---

[15] *Craft v. State*, 234 Ga. App. 305, 308-309 (3) (506 SE2d 663) (1998).
[1] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

various denominations. A subsequent search of the limo seat from which Jones fled revealed two guns in that seat, and an officer testified that he saw a firing pin from one of those guns at Jones's feet before he exited the vehicle. At trial, evidence showed that the arena grounds as well as the place of Jones's apprehension were within 1,000 feet of an adjacent public housing project.

Jones was charged with possession of marijuana with intent to distribute[2] (Count 1), possession of methamphetamine with intent to distribute[3] (Count 2), possession of methamphetamine[4] (Count 3), possession of marijuana with intent to distribute within 1,000 feet of public housing[5] (Count 4), possession of methamphetamine with intent to distribute within 1,000 feet of public housing[6] (Count 5), possession of a firearm during the commission of a crime[7] (Count 6), attempt to injure a police dog[8] (Count 7), and possession of a firearm by a convicted felon[9] (Count 8). A jury found him guilty on the first five counts, acquitting him of Counts 6 and 7; the court subsequently entered a directed verdict of not guilty on Count 8. At sentencing, the trial court merged Count 3 into Count 2. Following the denial of Jones's motion for new trial, in which he asserted ineffective assistance of counsel, Jones appeals.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[10] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[11]

Jones challenges the sufficiency of the evidence on two grounds. First he claims that no evidence showed he intended to distribute the marijuana and methamphetamine found on his person. Second, he claims that no evidence showed he knew he was within 1,000 feet of public housing. Both arguments lack merit.

(a) *Evidence showed Jones intended to distribute the drugs.* "To support a conviction for possession with intent to distribute,

[2] OCGA § 16-13-30 (j) (1).
[3] OCGA § 16-13-30 (b).
[4] OCGA § 16-13-30 (a).
[5] OCGA § 16-13-32.5 (b).
[6] OCGA § 16-13-32.5 (b).
[7] OCGA § 16-11-106 (b) (4).
[8] OCGA §§ 16-4-1; 16-11-107 (b).
[9] OCGA § 16-11-131 (b).
[10] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[11] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

OCGA § 16-13-30 (b), the [S]tate is required to prove more than mere possession." *Helton v. State*.[12] However, "[n]o bright line rule exists regarding the amount or type of evidence sufficient to support a conviction for possession with intent to distribute." (Punctuation omitted.) *Cotton v. State*.[13] Rather, the State "may show intent to distribute in many ways, including expert testimony that the amount of contraband possessed was inconsistent with personal use, evidence showing the manner of packaging, and the possession of certain amounts or denominations of currency." *Helton*, supra, 271 Ga. App. at 275 (b).

> Moreover, even if not formally admitted as an expert, a police officer may give his opinion as to whether the amount or value of the contraband is consistent with distribution, if the [S]tate lays a foundation for the opinion by eliciting testimony about the officer's experience and training in drug enforcement.

*Haywood v. State*.[14]

Here, some evidence showed Jones's intent to distribute the marijuana and methamphetamine found on his person. In the same pocket of Jones, police found a large amount of cash in various denominations and a large amount of each of the drugs (2.7 grams of marijuana and sixteen individual tablets of methamphetamine), with the marijuana packaged in four small baggies as if for resale; police also found guns in the limo where Jones had sat with a firing pin at his feet. A friend of Jones testified that Jones had not personally smoked marijuana since his youth some years ago. Finally, a police officer trained and experienced in the illegal drug distribution industry testified that the amount and packaging of the drugs indicated that Jones possessed these drugs with an intent to distribute them. Accordingly, the evidence sufficed to sustain the conviction of Jones on the four counts requiring a showing that he intended to distribute the methamphetamine or marijuana. See *Williams v. State*;[15] *Maddox v. State*.[16] Compare *Hicks v. State*[17] (only evidence of intent to distribute was that defendant possessed a pill bottle containing an unidentified number of cocaine pieces and that an

---

[12] *Helton v. State*, 271 Ga. App. 272, 275 (b) (609 SE2d 200) (2005).

[13] *Cotton v. State*, 300 Ga. App. 874, 876 (686 SE2d 805) (2009).

[14] *Haywood v. State*, 301 Ga. App. 717, 719 (1) (689 SE2d 82) (2009).

[15] *Williams v. State*, 303 Ga. App. 222, 224 (2) (692 SE2d 820) (2010).

[16] *Maddox v. State*, 227 Ga. App. 602, 603 (1) (490 SE2d 174) (1997).

[17] *Hicks v. State*, 293 Ga. App. 830, 831-833 (668 SE2d 474) (2008).

investigator testified that storing drugs in such disposable containers indicated an intent to sell).

(b) *The State need not show that defendant knew he was within 1,000 feet of public housing*. Georgia law does not require that the State show that the defendant knew he was within 1,000 feet of public housing to secure a conviction under OCGA § 16-13-32.5, thus rendering Jones's second argument on evidence sufficiency meritless. This statute provides in pertinent part:

> It shall be unlawful for any person to manufacture, distribute, dispense, or possess with intent to distribute a controlled substance or marijuana . . . in, on, or within 1,000 feet of any real property of any publicly owned or publicly operated housing project, unless the manufacture, distribution, or dispensing is otherwise allowed by law.

OCGA § 16-13-32.5 (b).

Jones's argument has similarities to those asserted regarding the cocaine trafficking statute, which provides that "[a]ny person . . . who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine . . . in violation of this article commits the felony offense of trafficking in cocaine. . . ." OCGA § 16-13-31 (a) (1). Defendants in trafficking cases have argued that in addition to showing that an accused knew he had possession of cocaine, the State was required to show that the defendant knew the weight and purity of that cocaine in order to obtain a cocaine trafficking conviction. We have rejected that argument, stating:

> Under the cocaine trafficking statute, the State must show as an element the minimum amount of 28 grams, after which the quantity possessed bears only on punishment. The amount of 28 grams was designated by the legislature as the basis for distinguishing the crime of trafficking from the somewhat less serious crimes. The trafficking statute explicitly requires as the mens rea that defendant know he or she possesses the substance and know it is cocaine. *The statute is not, however, reasonably subject to the construction urged, that defendant must know or should know the substance possessed weighs at least 28 grams*. Similarly, knowledge of the precise purity of the cocaine is not necessary for a conviction either.

(Citation and punctuation omitted; emphasis in original.) *Barr v. State*.[18]

Similarly, we hold that OCGA § 16-13-32.5 (b) is not reasonably subject to the construction urged (that the State must prove that the accused knew he was within 1,000 feet of a public housing project). The proximity to a public housing project was designated by the legislature as the basis for distinguishing this crime from the crime of possession with intent to distribute. Similar to the trafficking statute, OCGA § 16-13-32.5 requires that the State need only show that the accused knowingly possessed the illegal drugs with the intent to distribute them, not that he knew he was within 1,000 feet of a public housing project.

2. Jones contends that the trial court erred in denying his motion for new trial that asserted he received ineffective assistance of counsel. To prove his claim of ineffective assistance, Jones was required to

> show that counsel's performance was deficient and that the deficiency so prejudiced [Jones] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Jones] must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous.

(Citations omitted.) *Domingues v. State*.[19] Jones cannot meet even the first prong as to any of his claims of ineffective assistance.

(a) *Failure to move for a directed verdict.* Jones first claims that his counsel erred in failing to move for a directed verdict based on the insufficiency of the evidence concerning intent to distribute. However, in light of our ruling in Division 1 (a) that the evidence was sufficient on this issue, this would have been a meritless motion. See *Crawford v. State*[20] ("[f]ailure to make a meritless motion for directed verdict is not ineffective assistance of counsel"). "Moreover, even absent a motion for a directed verdict, a criminal defendant may challenge the sufficiency of the evidence." *Griffith v. State*.[21] See *Griggs v. State*.[22] Thus, the trial court did not clearly err in finding that Jones failed to show deficient performance by trial counsel on

---

[18] *Barr v. State*, 302 Ga. App. 60, 61-62 (1) (690 SE2d 643) (2010).
[19] *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003).
[20] *Crawford v. State*, 294 Ga. App. 711, 713 (1) (c) (670 SE2d 185) (2008).
[21] *Griffith v. State*, 286 Ga. App. 859, 868 (10) (e) (650 SE2d 413) (2007).
[22] *Griggs v. State*, 303 Ga. App. 442, 446 (4) (a) (693 SE2d 615) (2010).

this issue.

(b) *Failure to object to testimony of the officer who searched Jones.* Jones's other claim of ineffective representation, wholly contained in a portion of a single sentence, contends that "trial counsel failed to object to the testimony of Officer Black" (the officer who searched Jones and found the drugs on him). Yet Jones makes no attempt to identify why such testimony was objectionable and thus cannot establish why failing to object was deficient performance by trial counsel. Moreover, he waived this issue by failing to raise it in his motion for new trial or at the hearing thereon. *King v. State*.[23] Indeed, his "failure to ask trial counsel about this matter at the new-trial hearing means that we must presume counsel was acting strategically, thereby vitiating any ineffective assistance claim." (Punctuation omitted.) *Johnson v. State*.[24] See *Allen v. State*[25] ("[b]ecause [defendant] failed to question trial counsel about this issue at the hearing on his motion for new trial, any decision not to object is presumed to be a strategic one that does not amount to ineffective assistance") (punctuation omitted). See generally *Nichols v. State*[26] ("[d]eclining to object to testimony can be considered reasonable trial strategy [that is] not susceptible to attacks of ineffective assistance") (punctuation and footnote omitted).

For these reasons, the trial court did not clearly err in finding that Jones failed to carry his burden of showing ineffective assistance of counsel, and thus did not abuse its discretion in denying his motion for new trial that was based thereon.

*Judgment affirmed. Barnes, P. J., and Bernes, J., concur.*

DECIDED MAY 14, 2010.

*Daniel D. Morgan*, for appellant.

*Leigh E. Patterson, District Attorney, John A. Tully, Assistant District Attorney*, for appellee.

---

[23] *King v. State*, 259 Ga. App. 589, 590 (2) (578 SE2d 176) (2003).
[24] *Johnson v. State*, 302 Ga. App. 318, 327 (7) (b) (690 SE2d 683) (2010).
[25] *Allen v. State*, 299 Ga. App. 201, 204 (1) (b) (683 SE2d 343) (2009).
[26] *Nichols v. State*, 288 Ga. App. 118, 122 (3) (b) (653 SE2d 300) (2007).