[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12146
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:99-cr-00088-HL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DETRICH DEMOND WALLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 23, 2011)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Detrich Demond Waller appeals his 60-month above-guideline sentence

imposed following revocation of his supervised release. On appeal, Waller argues

that: (1) the district court plainly erred in failing to ask him or his counsel whether he had been given an opportunity to read and discuss his revocation report with counsel; (2) his sentence is both procedurally and substantively unreasonable; and (3) the district court plainly erred in finding that he possessed with intent to distribute marijuana within 1,000 feet of a recreation center, in violation of O.C.G.A. § 16-13-32.5(a). After careful review, we affirm.

We review de novo the legality of a sentence imposed pursuant to revocation of a supervised release term. United States v. Mazarky, 499 F.3d 1246, 1248 (11th Cir. 2007). Waller did not present the alleged revocation report or O.C.G.A. § 16-13-32.5(a) errors to the district court; consequently, to prevail on these issues, he must show plain error. To demonstrate plain error, Waller "must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003). We review the district court's ultimate sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Also, we review for abuse of discretion a district court's decision to exceed the Chapter 7 recommended guidelines range. United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006).

First, we reject Waller's claim that the district court plainly erred in failing to ask him or his counsel whether he had been given an opportunity to read and discuss his revocation report with counsel, pursuant to Fed.R.Crim.P. 32(i)(1)(A). Fed.R.Crim.P. 32.1 governs a defendant's supervised release revocation proceedings. At his revocation hearing, a person is entitled to: (1) written notice of the alleged violation; (2) disclosure of the evidence against the person; (3) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (4) notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and (5) an opportunity to make a statement and present any information in mitigation. Fed.R.Crim.P. 32.1(b)(2). Unlike Rule 32.1, Rule 32, which relates to "Sentencing and Judgment," requires that "[a]t sentencing, the court[] must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." Fed.R.Crim.P. 32(i)(1)(A).

While Waller attempts to draw a parallel between Rule 32, which applies to sentencing, and Rule 32.1, which applies to revocation proceedings, nothing in the plain language of Rule 32.1 requires the district court to ask whether a defendant has reviewed his revocation report. See Fed.R.Crim.P. 32.1. While Rule 32 specifically

3

applies "at sentencing" and requires the district court to ask a defendant whether he and his attorney have discussed the "presentence report," Rule 32.1 has no similar requirement that the court ask the defendant or his attorney whether he has discussed the revocation report. Fed.R.Crim.P. 32(i)(1)(A); Fed.R.Crim.P. 32.1. Based on the plain language of Rule 32.1, the district court did not plainly err in failing to ask Waller or his attorney if they had reviewed the revocation report.

We also find no merit in Waller's claim that his sentence is procedurally or substantively unreasonable. In reviewing sentences for reasonableness, we perform two steps. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] The district court need

---

[1] Under 18 U.S.C.A. § 3583(e), a district court may consider the following § 3553(a) factors in revoking a term of supervised release: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence; (3) the need to protect the public; (4) the need to provide the defendant with educational or vocational training or medical care; (5) the Sentencing Guidelines range; (6) the pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), and (a)(4)-(a)(7).

not discuss each § 3553(a) factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356. (2007)

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. The weighing of § 3553(a) factors is within the court's discretion, so long as the court has made no clear error of judgment. See United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (reviewing government appeal of downward variance), petition for cert. filed, (U.S. Nov. 24, 2010) (No. 10-727). The burden is on the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. Talley, 431 F.3d at 788.

Here, the district court correctly calculated Waller's Chapter 7 sentencing range as 30 to 37 months' imprisonment, which Waller does not dispute on appeal, based

on his original sentencing criminal history category of III and his Grade A violation. See U.S.S.G. §§ 7B1.1(a)(1)(A)(ii), 7B1.4(a) (table). Although Waller's sentence exceeded the advisory sentencing range set out in the Chapter 7 policy statements, the district court was not required to sentence Waller within that range. Here, the district court expressly considered the advisory guideline range when it noted that a guideline sentence was not an appropriate sentence.

Moreover, contrary to Waller's assertion, the court explictly stated that it had considered the § 3553(a) factors. The court further stated that Waller's sentence was "based on the seriousness of the offense, in order to promote respect for the law, to provide just punishment for the violation offenses, to afford adequate deterrents to criminal conduct, and to protect the public." Specifically, after listening to testimony about how Waller resisted arrest and attempted to wrestle a Taser away from an officer, the court found that Waller's "conduct was reckless as it placed the lives of officers as well [as] yourself in great jeopardy." In addition, Waller had multiple supervised release violations and his possession with intent to distribute violation constituted a Grade A violation under either state or federal law. Thus, the district court expressly considered the advisory guideline range, adequately weighed the § 3553(a) factors, and explained its reasons for imposing this above-guideline sentence.

Lastly, we are unpersuaded by Waller's claim that the district court plainly erred in finding that he possessed with intent to distribute marijuana within 1,000 feet of a recreation center, in violation of O.C.G.A. § 16-13-32.5(a). Pursuant to Georgia law, it is:

> unlawful for any person to manufacture, distribute, dispense, or possess with intent to distribute a controlled substance or marijuana . . . in, on, or within 1,000 feet of any real property which has been dedicated and set apart by the governing authority of any municipality, county, state authority, or the state for use as a park, playground, recreation center, or for any other recreation purposes.

Ga. Code Ann. § 16-13-32.5(a). Pursuant to § 16-13-32.5, the State need only show that the accused knowingly possessed the illegal drugs with the intent to distribute them, not that he knew he was within 1,000 feet of a protected place. See Jones v. State, 695 S.E.2d 665, 668 (Ga. Ct. App. 2010) (interpreting § 16-13-32.5(b) which tracks the language of subsection (a) but applies to housing projects).

Waller has not shown that the district court plainly erred in finding that he violated Ga. Code Ann. §16-13-32.5(a). Among other things, Waller has not shown a reasonable probability that his substantial rights were affected. Indeed, even if he did not violate Ga. Code Ann. § 16-13-32.5(a), Waller still violated his supervised release by (1) possessing marijuana, (2) possessing marijuana with intent to distribute, and (3) engaging in the felony obstruction of an officer, all of which he

7

does not challenge on appeal. While Waller contends that it is unclear how much this violation weighed into his ultimate sentence, this contention is without merit. The district court did not specifically rely on this violation, but, instead, based Waller's sentence on his overall conduct which involved possession of a distribution level quantity of marijuana and resisting arrest. Accordingly, he cannot show a reasonable probability that the alleged error affected his substantial rights.

**AFFIRMED.**