**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 21, 2020**

# In the Court of Appeals of Georgia

A20A1142. BENTON v. THE STATE.

BROWN, Judge.

Following a jury trial, Robert Benton, Jr. was convicted of possession of methamphetamine, possession of methamphetamine with intent to distribute, possession of marijuana (less than one ounce), and possession of a firearm by a convicted felon.[1] Benton appeals the denial of his motion for new trial, contending that insufficient evidence supports his conviction for possession of methamphetamine with intent to distribute and that his sentence exceeds the statutory maximum sentence. We affirm.

---

[1] The jury acquitted Benton of involuntary manslaughter, cruelty to children in the second degree, and two counts of felony murder.

When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations and punctuation omitted.) *Driscoll v. State*, 295 Ga. App. 5, 5-6 (1) (670 SE2d 824) (2008). So viewed, the record shows that law enforcement and paramedics responded to an emergency services call at the home of Benton's girlfriend to resuscitate the girlfriend's four-month-old child. The child was taken to the emergency room, but could not be revived. Law enforcement began a death investigation and obtained a search warrant for the girlfriend's home. During the search, they found a handgun, methamphetamine, scales, pipes, lighters, butane, brand new small plastic baggies, and marijuana. Officers testified that the drug paraphernalia found in the home was consistent with both drug use and drug selling. At the scene, Benton told a police officer that the handgun found in the home

2

belonged to him. He also stated that he was living at the home and that he used methamphetamine. After patting down Benton, the police found $1,021 in cash in his wallet, which an officer testified was consistent with selling drugs. During an interview after her arrest, Benton's girlfriend told the police that she had known Benton for approximately ten years and had known him to sell methamphetamine that entire time. She also stated that she had seen Benton sell methamphetamine 20-25 times from her home and that she and Benton traveled to Atlanta every 2-3 days to purchase large quantities of methamphetamine. At trial, the girlfriend testified that Benton did not use methamphetamine the night before the child died; that she had not seen Benton sell drugs; and that she had lied to police because she was distraught over the condition of her child and decided to "throw [Benton under the bus] before he could throw [her]." The girlfriend also testified that she and her friend had brought the methamphetamine into the home, that it belonged to her, and that the friend had brought the baggies and scales to the home, which the girlfriend placed under a table while Benton was in the shower. A neighbor testified that he had smoked methamphetamine with Benton and the girlfriend the night before the child died, but had never seen either of them sell drugs.

1. On appeal, Benton argues that there was insufficient evidence to support his conviction for possession of methamphetamine with intent to distribute. In this regard, he contends that (a) the drug investigator's testimony that Benton was involved in distribution of methamphetamine was insufficient because the investigator was not tendered as an expert; (b) his girlfriend's prior inconsistent statement that she had sold methamphetamine with Benton in the past was not corroborated; and (c) the State failed to exclude every reasonable hypothesis other than guilt. We disagree.

(a) *Testimony of drug investigator.* "To support a conviction for possession with intent to distribute, OCGA § 16-13-30 (b), the [S]tate is required to prove more than mere possession." (Citation and punctuation omitted.) *Driscoll*, 295 Ga. App. at 7 (1) (a). "However, no bright line rule exists regarding the amount or type of evidence sufficient to support a conviction for possession with intent to distribute." (Citation and punctuation omitted.) *Jones v. State*, 304 Ga. App. 109, 111 (1) (a) (695 SE2d 665) (2010). "[T]he State may show intent to distribute in many ways, including expert testimony that the amount of contraband possessed was inconsistent with personal use, evidence showing the manner of packaging, and the possession of

4

certain amounts or denominations of currency." (Citation and punctuation omitted.) Id. See also *Daniels v. State*, 278 Ga. App. 263, 266 (2) (628 SE2d 684) (2006).

Pretermitting whether Benton waived this claim on appeal by failing to timely object at trial to the State's alleged failure to lay an adequate foundation for the investigator's opinion testimony, see *Haywood v. State*, 301 Ga. App. 717, 719 (1) (689 SE2d 82) (2009), the argument is meritless. "[E]ven if not formally admitted as an expert, a police officer may give [an] opinion as to whether the amount or value of the contraband is consistent with distribution, if the State lays a foundation for the opinion by eliciting testimony about the officer's experience and training in drug enforcement." (Citation and punctuation omitted.) *Jones*, 304 Ga. App. at 111 (1) (a). Here, the investigator testified that he had been employed with the drug task force for seven years, and had been through drug classes, methamphetamine lab classes, and "numerous drug-related courses." He also testified that he comes into contact with drug activity on a daily basis and has been involved in "countless" drug investigations. The State laid the foundation for the investigator's expert testimony, and his opinion provided sufficient evidence from which a jury could infer that Benton intended to sell the methamphetamine found in the home. See, e.g., *Hughes v. State*, 297 Ga. App. 217, 218 (676 SE2d 852) (2009).

5

(b) *Girlfriend's prior inconsistent statement.* Benton contends that his girlfriend's statement to the police that he was selling methamphetamine was uncorroborated and, therefore, insufficient to support his conviction. "The testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including . . . felony cases where the only witness is an accomplice, the testimony of a single witness shall not be sufficient. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness. . . ." OCGA § 24-14-8.[2] "[S]ufficient corroboration of accomplice testimony requires only slight evidence . . . so long as it is independent of the accomplice's testimony and directly connects the defendant to the crime or leads to the inference of guilt. The sufficiency of the corroboration is a matter for the jury to decide." (Citation and punctuation omitted.) *Raines v. State*, 304 Ga. 582, 588 (2) (a) (820 SE2d 679) (2018). Here, the girlfriend's statement to police that Benton was selling methamphetamine was corroborated by more than slight evidence. Benton admitted to police that the handgun found at the home belonged to him; police discovered

---

[2] The State and Benton seem to concede that the girlfriend was an "accomplice." And in fact, at trial, she testified that she was convicted and is serving time for involuntary manslaughter, possession of methamphetamine, and possession of methamphetamine with intent to distribute, seemingly related to the same incident.

6

$1,021 in cash on his person; and the investigator testified that these items, coupled with the drug paraphernalia found in the home where Benton had been living, were consistent with somebody who was selling drugs. The evidence was sufficient for the jury to find Benton guilty of possession of methamphetamine with intent to distribute. See, e.g., *Watkins v. State*, 253 Ga. App. 382, 385 (3) (559 SE2d 133) (2002). See *Hughes*, 297 Ga. App. at 218 ("the issue of intent is peculiarly a question of fact for jury determination").

(c) *State failed to exclude every reasonable hypothesis other than guilt.* We likewise reject Benton's assertion that the State failed to exclude every reasonable hypothesis except his guilt. "To support a verdict, circumstantial evidence need exclude only reasonable hypotheses. And whether circumstances are sufficient to exclude every reasonable hypothesis is a question for the jury, and that finding will not be disturbed unless the verdict of guilt is insupportable as a matter of law." (Citations, punctuation, and emphasis omitted.) *Clemente v. State*, 331 Ga. App. 84, 87 (769 SE2d 790) (2015). Here, we cannot say that the jury's verdict is unsupportable as a matter of law. In any event, the girlfriend's statement to the police that Benton sold methamphetamine was direct evidence of Benton's guilt. See *Woods v. State*, 266 Ga. App. 53, 55 (596 SE2d 203) (2004) (where there is direct testimony

7

of defendant's guilt, corroborated by circumstantial evidence, the rule requiring exclusion of every other reasonable hypothesis does not apply). While Benton contends that the girlfriend recanted her statement at trial, "it is the jury's role to resolve conflicts in the evidence and determine the credibility of witnesses, and the presence of such conflicts does not render the evidence insufficient." (Citations and punctuation omitted.) *Freeman v. State*, 293 Ga. App. 490, 492 (1) (667 SE2d 652) (2008). This law applies even when a witness recants her previous statement. See id. See also *In the Interest of A. B.*, 296 Ga. App. 350, 351 (1) (674 SE2d 401) (2009) (prior inconsistent statement of accomplice was admissible as substantive evidence because the accomplice testified at trial and was subject to cross-examination).

2. Benton also contends that his sentence exceeds the statutory maximum and should be vacated as void. In his view, the statutory maximum sentence prescribed for possession of methamphetamine with intent to distribute is 30 years. We disagree.

Pursuant to OCGA § 16-13-30 (d), an individual convicted of possession of methamphetamine with intent to distribute shall be punished by imprisonment for not less than five years nor more than 30 years, "[e]xcept as otherwise provided." OCGA § 16-13-30 (d). OCGA § 42-8-35.2 (a) pertinently provides that "when imposing a sentence of imprisonment after a conviction of a violation of [OCGA § 16-13-30 (d),

8

a court] shall impose a special term of probation of three years in addition to such term of imprisonment."[3] OCGA § 42-8-35.2 (a). See *Mike v. State*, 290 Ga. App. 214, 215 (1) (659 SE2d 664) (2008) ("the plain language of [OCGA § 42-8-35.2] requires that a term of special probation be served 'in addition to any term of imprisonment' rendered under OCGA § 16-13-30 (d)"). In this case, the trial court sentenced Benton to 30 years, with the first 20 years to be served in confinement and the remainder to be served on probation. As mandated by OCGA § 42-8-35.2, the trial court imposed a special term of probation of three years in addition to the thirty-year term of imprisonment expressly authorized by OCGA § 16-13-30 (d). As the State correctly points out in its brief, "[t]he interpretation propounded by [Benton] would require that OCGA § 42-8-35.2 (a) be rendered meaningless." See *Lawson v. State*, 224 Ga. App. 645, 647 (3) (a) (481 SE2d 856) (1997) ("[u]nder the rules of statutory construction, we must construe all related statutes together, give meaning to each part of the statute,

---

[3] In his brief, Benton states that "[t]here is no language in OCGA § 42-8-35.2 that suggests it overrides every other sentencing statute and principle to allow — or even require — the trial court to prescribe a sentence beyond the statutory maximum set out in OCGA § 16-13-30." But, OCGA § 42-8-35.2 provides that the trial court "*shall* impose a special term of probation of three years in addition to such term of imprisonment." (Emphasis supplied.) OCGA § 42-8-35.2 (a).

9

and avoid constructions which result in surplusage and meaningless language"). The sentence imposed is not void.

*Judgment affirmed. Dillard, P. J., and Rickman, J., concur.*